## WILLIAMSON & McARTHUR vs. WOOLF ET AL.

[ACTION ON OFFICIAL BOND OF JUSTICE OF THE PEACE.]

1. *Authority of intendant of Camden as justice of the peace.*—The 4th section of the act "to incorporate the town of Camden in Wilcox county," (Session Acts, 1841, p. 54,) taken in connection with the act "to incorporate the town of Eutaw in Greene county," to which it refers, al-

though it may not make the intendant of the town, *ex officio*, a justice of the peace, constitutes at least a valid foundation for a *bona fide* claim of office by him; and if he proceeds to perform the duties of a justice of the peace, on the faith of his election as intendant, he is at least a justice *de facto*.

2. *Estoppel by bond.*—The sureties on a bond, which recites that the principal obligor "has been duly elected intendant of the town of C., and is thereby made *ex officio* a justice of the peace," are estopped, when sued on the bond for the default of their principal, from alleging that he was not a justice of the peace; it appearing that he was at least a justice *de facto*, and received much business as a justice on the faith and credit of the bond.

3. *Validity and consideration of bond of officer de facto.*—A bond, executed by the intendant of an incorporated town, with others as his sureties, which recites that, by virtue of his election as intendant, he "is thereby made *ex officio* a justice of the peace," and is conditioned for the faithful discharge of his duties as such justice, will be upheld as a common-law obligation, (although there is no law requiring the intendant to give bond,) when it appears that he was at least a justice *de facto*, and that the bond is supported by a sufficient consideration; and if it was given for the purpose of procuring for the intendant patronage and business as a justice of the peace, and he did receive patronage and business as a justice on the faith and credit of it, it is supported by a sufficient consideration.

4. *Demurrer to complaint assigning good and bad breaches.*—In an action on a penal bond, if the complaint contains a single count, assigning several breaches, the insufficiency of one of the assignments is not a ground of demurrer to the entire complaint.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. NAT. COOK.

THIS action was founded on a penal bond, executed by John D. Catlin, jr., (since deceased,) D. S. J. Woolf, and J. A. Blakeney, dated the 7th June, 1854, payable to the State of Alabama, and conditioned as follows: "Whereas the above-bound John D. Catlin, jr., has been duly elected intendant of the town of Camden in said county, and is thereby made, *ex officio*, justice of the peace; now, therefore, should the said Catlin well and truly do and perform all the duties which are, or may be, required of him by law as such intendant, or, *ex officio*, justice of the peace, then this obligation to be void;" &c.

The amended complaint was in the following words:

"Plaintiffs claim of defendants the sum of $665 78, for

the breach of the condition of a bond," &c., describing it, and setting out the condition. "Plaintiffs say, that the said bond was delivered to the probate judge of Wilcox county, and was by him approved; that the said bond was given by the said. Catlin for the object and purpose of securing to him thereby patronage and business as a justice of the peace; that the said Catlin did, on the faith and credit of said bond, receive much patronage and business as a justice of the peace, and was thereby benefited, by reason of the large amount of costs and fees which he obtained from said official patronage and business, so secured to him by reason of said bond; that, according to the recitals of said bond, said Catlin was an acting justice of the peace *ex officio*, as aforesaid, for Wilcox county, by virtue of his office as intendant of the town of Camden, from the date of said bond, (June 7th, 1854,) until October 13th, 1855; that, during said period, divers claims, the property of plaintiffs, were placed in the hands of said Catlin, as justice of the peace *ex officio* as aforesaid, for suit and collection; and that the condition of said bond has been broken by said Catlin, in this: that the said Catlin, as such justice of the peace *ex officio* as aforesaid, during the said time he was an acting justice of the peace *ex officio* as aforesaid, to-wit, between the 7th June, 1854, and the 13th October, 1855, had and received officially and ministerially, for and on account of the plaintiffs, divers sums of money on the claims above mentioned, amounting in the whole to the sum of $665 78; and that he, the said Catlin, did not pay the said sum of money, or any part thereof, to the said plaintiffs, or to any person or persons authorized to receive the same, but wholly failed, neglected, and refused so to do, to the damage of the plaintiffs as above stated." (The opinion of the court renders it unnecessary to set out the second assignment of a breach.) "Plaintiffs further say, that all the said sums of money collected by said Catlin, as above set out, were demanded of him before the commencement of this suit, to-wit, on or about the 11th July, 1854, the 23d October, 1854, and the 29th December,

1855; and that said several sums of money, so collected by said Catlin, became and were due and owing from said Catlin as justice of the peace *ex officio* as aforesaid, before the commencement of this suit, and before the date of said demands, and are still in arrears and unpaid, contrary to the form and effect of said writing obligatory, and of the said condition thereof; by reason of which said breach of said writing obligatory, the same became forfeited; whereby an action hath accrued to the said plaintiffs, to have and demand of the said defendants the said sum above claimed, with the interest thereon."

The defendants demurred to the complaint—"1st, because said Catlin was not, by virtue of his office as intendant of the town of Camden, a justice of the peace, *ex officio*, for the county of Wilcox, and therefore said bond is contrary to law and void: 2d, because the intendant of the town of Camden was not, at the time said Catlin executed said bond with defendants, required to give bond, and therefore said bond is without consideration and void; 3d, because the condition of said bond is insensible, uncertain, and therefore void; 4th, because the complaint does not allege that said Catlin was a justice of the peace in and for Wilcox county; 5th, because the first count in said complaint is argumentative, states legal conclusions, and does not aver a demand; 6th, because the second count is insensible, uncertain, and void for repugnancy; and, 7th, because said second count does not aver a demand." The court sustained the demurrer, and its judgment is now assigned as error.

The 4th section of the act, "to incorporate the town of Camden, in the county of Wilcox," is in these words: "*Be it further enacted*, that the powers, privileges, rights and immunities, conferred by an act, entitled 'An act to incorporate the town of Eutaw, in Greene county,' approved January 2d, 1841, are hereby transferred to, and vested in, the intendant and council of the town of Camden, in the county of Wilcox."—See Session Acts 1841, page 54.

J. HENDERSON, for appellants.—1. The charter of the town of Camden, taken in connection with the charter of the town of Eutaw, to which it refers, makes the intendant, *ex officio*, a justice of the peace; and section 710 of the Code requires justices of the peace to give bond, according to the provisions of section 118. The bond here sued on is thus shown to be a good statutory bond; and its validity, as a statutory bond, is not affected by the superadded condition for the faithful discharge of the principal obligor's duties as intendant, which will be rejected as surplusage.— 10 Mis. 664; 5 Barr, 250; 1 Brock. 195; *ib.* 177; *Whitsett v. Womack*, 8 Ala. 466, and cases there cited. The doctrine invoked by the appellees' counsel, as to a clause of reference in a statute, has no application, since all the powers conferred on the intendant are special; and if it were held applicable at all, it would take away all powers from him.

2. If the obligation is not good as a statutory bond, it is certainly good at common law. The State has power, independent of all statutory provisions, to take a bond from one of its officers, conditioned for the faithful discharge of his public duties; and the courts will lend their assistance to indemnify parties who have been injured by the officer acting under such bond.—5 Peters, 115; 3 Wheaton, 172; 1 Bailey, 211; 7 Conn. 543; 6 Binney, 292; Gilpin, 554; 1 Greenl. 248; 5 Pick. 384; 15 How. (U. S.) 304; 3 Cush. (Miss.) 625.

The allegations of the complaint show a sufficient consideration for the bond.—1 Saunders' Pl. & Ev. 195; Chitty on Contracts, 30; *Hester v. Keith*, 1 Ala. 316; *Gayle v. Martin*, 3 Ala. 593; *Whitsett v. Womack*, 8 Ala. 466; 5 Pick. 384.

4. Catlin having enjoyed the benefits arising from the bond, the defendants are estopped from alleging its invalidity.—*Sprowl v. Lawrence*, 33 Ala. 688; 8 Ala. 466; 7 Ohio, 354; 2 Har. (Penn. St.) 83; 16 Mass. 102; 1 Rich. (S. C.) 281.

J. L. THOMPSON, with whom was ALEX. WHITE, *contra.*
1. The civil jurisdiction of a justice of the peace is an extraordinary power, and must be conferred by statute, since it did not exist at common law.—*Ellis v. White,* 25 Ala. 540 ; *Marshall v. Betner,* 17 Ala. 836.. A clause of reference in a statute embraces only the general powers and provisions of the statute referred to, and not its special and particular clauses.—Ex parte *Greene & Graham,* 29 Ala. 52 ; *Stevenson v. O'Hara,* 27 Ala. 362 ; *Matthews, Finley & Co. v. Sands & Co.,* 29 Ala. 131 ; Dwarris on Statutes, 705. From these propositions it necessarily follows, that the charter of the town of Camden does not make the intendant, *ex officio,* a justice of the peace. Any other construction of the charter would make each member of the common council, equally with the intendant, a justice of the peace ; and would authorize them to act in that capacity, not in Wilcox, but in Greene county. Moreover, the 8th section of the subsequent act to amend the charter of Camden, (Session Acts 1857–8; p. 225,) which expressly confers on the intendant the powers of a justice of the peace, is a legislative construction of the original charter, showing that it did not confer that power.

2. The complaint does not aver, that Catlin was a justice of the peace for Wilcox county; and if he was in fact a justice, by virtue of his election as intendant, there is no statute which required or authorized him to give bond. The provisions of the Code do not apply to the case, because his term of office, mode of election, &c., are entirely different from those of justices of the peace under the Code, and are governed by a special statute which was passed before the adoption of the Code.

3. All the specified grounds of demurrer are insisted on.

R. W. WALKER, J.—We do not deem it necessary to determine, whether by the act "to incorporate the town of Camden in Wilcox county," (Acts 1841, p. 54,) the intendant of the town is made, *ex officio,* a justice of the peace. On that point, the law may be conceded to be as the appel-

lants contend; and yet it would be of no avail to them in this suit.

It is not always easy to determine what is necessary to constitute an officer *de facto*. The general definition is, that he is one who exercises the duties of an office, under color of an appointment or election to that office; though Lord Ellenborough, in the leading case on the subject, says, that an officer *de facto* " is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law."—*The King v. The Corporation of Bedford Level*, 6 East, 366. It is very clear, that the 4th section of the act to incorporate the town of Camden, when taken in connection with the act to which it refers, constitutes at least a valid foundation for a *bona-fide* claim by the intendant of the town, to be *ex officio* justice of the peace; and if, on the faith of his election as intendant, he proceeds to perform the duties of justice of the peace, he would not be considered a naked usurper without claim or right. If not a mere usurper, he would be at least an officer *de facto*. *People v. Cook*, 14 Barb. 316; *Jones v. Bebee*, 9 Mass. 231. It follows, that if the principal obligor in the bond was elected intendant of the town of Camden, and, on the authority of that election, assumed to act, and did act as a justice of the peace, he became at least a justice *de facto*, if not *de jure*. This being so, a bond executed by him, and conditioned for his faithful discharge of the duties of justice, will be upheld as a valid obligation; and those who have voluntarily bound themselves as his sureties, cannot absolve themselves from liability by alleging that he was no justice.—*Sprowl v. Lawrence*, 33 Ala. 688, and authorities cited.

[2.] The doctrine of estoppel has sometimes been assailed, as tending to defeat justice by excluding truth. But certainly no rule of the common law is better supported by reason and sound policy, than that which declares, that when a man solemnly admits a fact, and the admission is acted upon, he shall not be heard to gainsay it, with a view of escaping from liability. The bond in this

case expressly declares, that Catlin "has been duly elected intendant of the town of Camden in said county, and is thereby made *ex officio* justice of the peace;" and the complaint avers, that Catlin performed the duties of the office of justice, and that on the faith and credit of this bond he received "much patronage and business as a justice of the peace." By signing his bond, the defendants acknowledged him to be a justice of the peace, recommended him as such to the public, and agreed to be liable if he did not well and truly perform the duties of the office, They at least, whatever might be the case with others, will not be heard to say that, although they signed his bond, and thereby induced others to place claims in his hands, still he was not in fact a justice of the peace. On that point their "mouths are shut."

[3.] Even if it be true, that there was no law requiring the intendant of the town of Camden to give bond, that would not affect the validity of the instrument, as a common-law obligation.—*Sprowl v. Lawrence*, 33 Ala. 692; *Alston v. Alston*, 34 Ala. 24–5, and authorities cited; *Stephens v. Crawford*, 1 Kelly, 582. The complaint shows a sufficient consideration for the bond.—34 Ala. 24.

[4.] The complaint contained but a single count, assigning several breaches. In such a case, the insufficiency of one of the breaches assigned is not a ground of demurrer to the entire complaint. Hence, we need not inquire, whether the second breach was good.—*Governor v. Wiley*, 14 Ala. 172; *Wilson v. Cantrell*, 19 Ala. 642.

The court erred in sustaining the demurrer. The judgment is, therefore, reversed, and cause remanded.