# Plowman *et al. v.* Henderson, Adm'r.

## *The Bond of an Administrator.*

1. *Sureties on a bond of an administrator can not deny the validity of his appointment.*—Sureties on the bond of an administrator who qualified and obtained possession of the assets of an estate, can not when called to account for his breaches of duty, deny the validity of his appointment.

2. *A judge of probate may appoint his son to be an administrator.*—It is a manifest violation of judicial delicacy and propriety for a probate judge to appoint his son or relative to be the administrator of an estate, but such an appointment is not void.

[Plowman et. al. v. Henderson, Adm'r.]

APPEAL from the Probate Court of Talladega.
Tried before the Hon. W. H. THORNTON.

On the 30th day of November, 1876, John Henderson,
administrator *de bonis non*, of the estate of Daniel Wallis,
late of Talladega county, deceased, obtained a decree in the
Court of Probate of said county against Albert W. Plow-
man, a former administrator of the estate of said Daniel
Wallis, deceased, for the sum of fifteen hundred and fifty-
six 40-100 dollars. The said decree was rendered by said
court on a settlement of the administration of the said Albert
W. Plowman of the estate of Daniel Wallis.

Albert W. Plowman had been appointed by George P.
Plowman, judge of probate of the said county, to be admin-
istrator *de bonis non* of the estate of Daniel Wallis, deceased,
on the 12th day of August, 1870. On that day the said
Albert W. Plowman executed a bond with Thomas S. Plow-
man and Nelson D. Johnson as his sureties. The bond was
conditioned for the faithful discharge of his duties as such
administrator *de bonis non*. Subsequently, on the sixth day
of January, 1871, the said judge of probate made an order
by which the said Albert W. Plowman was appointed ad-
ministrator *de bonis non* of the same estate, and the said
Albert W. Plowman executed a bond with the same sum and
condition as that already described, with the same persons as
his sureties. This bond was accepted and approved by the
judge of probate on the 17th day of January, 1871. It does
not appear that Albert W. Plowman ever resigned or aban-
doned, or was removed from the administration of the said
estate, granted to him on the 12th of August, 1870.

An execution was issued on the said decree against Albert
W. Plowman on the 11th of December, 1876, returnable on
the second day in March, 1877, which was returned on the
12th day of March, 1877, with an endorsement of "no prop-
erty" written upon it. On the 13th of March, 1877, an exe-
cution was issued on the said decree against the said Albert
W. Plowman and his sureties, in favor of the said Hender-
son, commanding the sheriff " that of the goods and chattels,
lands and tenements of the said Albert W. Plowman, Thomas
S. Plowman and Nelson D. Johnson, he cause to be made
the said sum of fifteen hundred and fifty-six 40-100 dollars
with interest thereon and his fees." This writ was return-
able to the second Monday in July, 1877. After the issue
of this writ of *fieri facias*, the said Thomas S. Plowman filed
an application for a writ of *supersedeas* to restrain the sheriff
from proceeding to collect the said sum of money by levy

and sale of the property of the petitioner. In addition to the foregoing facts, the petition showed that George P. Plowman, the said judge of probate who appointed the said Albert W. Plowman to be administrator *de bonis non* of the said estate, and who approved the bonds presented by him, was the father both of the said Albert W. Plowman and Thomas S. Plowman, his surety. The writ of *supersedeas* was granted, and made returnable to the July term, 1877, of the said Probate Court.

At that term of the court the said John Henderson, administrator as aforesaid, demurred to the said petition in short by consent, and assigned the following causes of demurrer:

"1. The grounds on which the petitioner alleges said appointment, and the decree and execution thereon, are void, do not appear on the face of the proceedings; therefore, said appointment and decree and execution are not void.

"2. The said relationship can not be set up by this petitioner in this manner, to render the appointment and decree and execution void.

"3. The appointment of A. W. Plowman is at most only voidable and not void.

"4. Thomas S. Plowman signed the bond of A. W. Plowman, which recites that he has been duly appointed administrator *de bonis non*, &c., of the estate of D. Wallis, he is estopped to deny the fact he was such administrator.

"5. The petitioner as surety for A. W. Plowman as administrator *de bonis non* of Daniel Wallis is concluded by the settlement of A. W. Plowman as such administrator, &c., with John Henderson as administrator *de bonis non* of said Daniel Wallis, and he is estopped to deny any fact involved in that settlement.

"6. That the allegations of said petition are insufficient in law to authorize the court to quash the execution as petitioner prays may be done, and they are not sufficient to authorize the court to grant any other relief."

The court sustained the demurrer, and dismissed the petition.

JOHN T. HEFLIN, for appellant.—1. The doctrine of the common law is that when the Probate Court has granted letters of administration to a person entitled to them and capable of discharging the trust, it can not make a new appointment of an administrator until from some cause the office is vacated. A new appointment in the absence of such event or disability as vacates the office is totally void.—27

Ala. 275–6; 8 Cranch. 9; 6 Ga. Rep. 432. Testing the action of the Probate Court by these authorities, its second appointment of an administrator is void.—4 Crouch 244; 20 Ala. 246; 21 Ala. 772.

2. The relation by blood in the first degree between the judge of probate and the administrator appointed by him, is a disqualification that prohibits the judge from making the appointment—the appointment being made in violation of law is void and may be successfully assailed collaterally as well as in a direct proceeding. "All that is necessary to know to overturn the judgment in such a case, is that the justice is related to one of the parties, and it matters not how and when it is shown, provided it comes in such a shape as te be entitled to credit."—28 Barb. 511, 12.—Rev. Code; §§ 635, 808, 2302, 2305.

3. Section 635 of the Code was in effect, construed in *Claunch v. Castleberry,* 23 Ala. 91. It contains substantially the phraseology of section forty of the act approved February 11, 1850, which was interpreted in the foregoing case, and it is well settled that, where pre-existing statutes have been incorporated in the Code, it must be received with the construction given it by the Supreme Court.—26 Ala. 399; 28 Ala. 28; 29 Ala. 355; 29 Ala. 76.

4. The American adjudications, with almost unvarying unanimity, assert and vindicate, with unanswerable legal reason, the doctrine enunciated in *Claunch v. Castleberry,* 23 Ala. 91; and *Wilson v. Wilson,* 36 Ala. 655; that the action of a judge, when he is interested in the result of a suit, or is related to the parties, is *coram non judice* and void, 2 Chipman 96; 5 Verm't 125; 19 Johns. 172; 21 Wend 63; 1 Hill 655; 6 Selden 433; 20 N. Y. 313; 17 Barb. 410; 17 Barb. 414; 5 Dennis 66; 28 Barb. 511; 8 Johns. 409; 105 Mass. 225; 13 Gray 12; 3 Cush. 352; 21 Pick. 101; 9 ib. 287; 5 ib. 483; 45 N. H. 52; 9 ib. 63; 24 Cal. 73; 23 Texas 104; 11 Fla. 138; 19 Con. 590; 5 Caldwell 217; 13 Ind. 398. Therefore, the defendant's demurrer should have been overruled on all the grounds of demurrer assigned and the execution quashed.

GEORGE W. PARSONS for appellee.—1. The only question on the record is, "Was the demurrer to the petition of the appellant rightfully sustained?" The power to grant letters of administration is only restricted as provided by §1987 of Rev. Code, and the power and jurisdiction of the Probate

Court in this matter is general and exclusive.—45 Ala. 694, 729 ; 33 Ala. 570 ; 37 Ala. 398.

2. This being true, there can be no question that the Probate Court of Talladega had jurisdiction to appoint A. W. Plowman, or any other person possessing the requisite qualifications, administrator *de bonis non* of the estate of Daniel Wallis, deceased.—Rev. Code, §§790, 792, 797, 2003, and 2004.

3. The relationship of the judge of probate to A. W. Plowman does not appear anywhere upon the records of the Court. All said matter is clearly outside the record of the proceedings, the decree and execution here sought to be annulled, and only appears by way of averment. For this reason, it seems, the demurrer should be sustained. A judgment claim or order of any court in this State, *void on its* face, will, at any time, on proper application, be vacated ; but not for matter *dehors* the record, except the death of a party at the time of the rendition of the decree or judgment, or making the order.—5 Ala. 562 ; 9 Ala. 335 ; 28 Ala. 390 ; 49 Ala. 247, 546.

4. It is insisted that there is nothing in section 635 of the Rev. Code that renders a judge of probate incompetent to appoint a son, on a proper application, an administrator of an estate, or to approve a bond on which another is surety. In *Claunch v. Castleberry*, 23 Ala. 85, it was held that a judge who was on a bastardy bond of the defendant, had such an interest as to disqualify him from hearing the cause, though at that time the statute (acts 49, 50—p. 36, §40) differed materially from §635 of the Rev. Code. In *Underhill v. Dennis*, 9 Paige 202, the chancellor says that "I do not think that the appointment of the guardian in this case was absolutely void upon the ground of the relationship of the surrogate to the appointed guardian. . . .

"In the absence of fraud, the sureties of an administrator are concluded by a final settlement of their principal in the Probate Court. . . . If by reason of his second appointment and qualification he was, in the capacity as administrator *de bonis non*, by virtue of his office discharged from the sum charged against him, he could have shown this fact on his final settlement and protected himself from the decree that was rendered. This he did not do, and his failure is conclusive alike upon him and his sureties."—36 Ala. 606 ; 4 Ala. 693 ; 5 Ala. 69 ; 14 Ala. 648 ; 16 Ala. 16 ; 19 Ala. 228 ; 20 Ala. 817 ; 25 Ala. 731.

The record shows that A. W. Plowman was twice ap-

pointed administrator of the estate of Daniel Wallis, and executed two administration bonds for $2,000 each, and with the same sureties on each. The last appointment is void, because there was no vacancy when it was made, and the last bond is also void.

BRICKELL, C. J.—The present appellants are not in a position to inquire into and dispute the validity of the grant of administration to Albert W. Plowman. The bond into which they voluntarily entered, and which is matter of record in the Court of Probate, affirms the validity of the grant, and enabled the principal to gain access to the trust, assume its authority, and take possession of the assets of the deceased. Now that he has abused the authority with which they asserted he was clothed, wasted the assets he received, and from his infidelity, they, or those, who relied on the bond as a security, must be involved in loss, they cannot escape from liability by a disputation of the fact the bond affirms. *Sprowl v. Lawrence,* 33 Ala. 674; *Williamson v. Wolf,* 37 Ala. 298. "It is well settled that no one who has bound himself by an instrument under seal for the fidelity and good conduct of another in a private trust or public duty, can escape from the liability thus assumed under cover of an allegation that his principal was not duly designated or elected, or was subject to some legal disqualification which should have prevented him from accepting or administering the office."—2 Smith Lead. Cases 708. The precise question arose in *Cutler v. Dickinson,* 8 Pick. 386, and it was held the sureties in an administration bond are estopped by the recitals of the bond from denying the regularity of the appointment of their principal.

We cannot concede, however, that the grant of administration is void, because of the relationship existing between the administrator and the judge by whom it was granted. In our system, the grant of administration is formal, and, of course, unless a contest as to the right of administration arises, no right is determined, no interest is concluded. The Court, in the absence of a contest, simply appoints an officer or agent of its own, or whom the law devolves the ownership of the personal assets of the decedent. The judge of probate could well have declined to appoint to the trust his son; and if he had indulged proper considerations of judicial delicacy, would not have appointed him. He was without a right to or interest in the administration, and there was a manifest impropriety in his appointment. The

judge stripped himself, by the appointment, of jurisdiction of every proceeding in the course of the administration which could be regarded as adversary, and not merely formal. It is not contemplated by the law that a judge shall, of his mere volition, thus divest himself of power and duty. The want of judicial delicacy or propriety does not render the grant void, and involve in grievous loss all who may have relied on its validity. The question has been decided by two deliberate adjudications of this Court.—*Hine v. Hussy,* 45 Ala. 496 ; *Hays v. Collier,* 47 Ala. 726. If we had doubts, even grave, of the correctness of these decisions, we could not be justified in departing from them. No legal question can more nearly touch the rights and interests of every class of the community than the validity of a grant of administration. It would reduce the community to the most painful insecurity if there was oscillation of judicial decision in reference to it. We must abide by the former decisions, declaring the relationship or interest of a probate judge does not render void a grant of administration. The judgment of the Court of Probate is affirmed.