BENJAMIN F. ANDREWS *vs.* CITY OF PORTLAND.

Cumberland. Opinion August 2, 1887.

*City marshal, Portland. Salary. Officer de facto.*

The person who holds the legal title to the office of city marshal of Portland, has the legal right to the salary.

It is no defense to an action against the city to recover a salary to which the plaintiff has a legal title, to prove that the city had paid the salary to another — an officer *de facto* — the city having notice of the plaintiff's claim before payment.

In such an action by the city marshal of Portland, for his salary, the city has no legal right to have deducted a sum earned by the plaintiff from other

sources during the same time for which he is entitled to recover for his salary.

On exceptions.

The facts are stated in the opinion.

*William L. Putnam* and *C. W. Goddard*, for plaintiff.

Plaintiff is entitled to interest. *Swett* v. *Hooper*, 62 Maine, 54 ; *People* v. *New York*, 5 Cowen, 331 ; *Philadelphia* v. *Rink*, 4 Eastern Rep. 642.

The plaintiff is entitled to the whole salary without deduction. *U. S.* v. *Addison*, 6 Wall. 291 ; *Costigan* v. *Mohawk, &c. R. R. Co.* 2 Denio, 609 ; *Allen* v. *McKeen*, 1 Sumner, 315 ; *People* v. *Miller*, 24 Mich. 458 ; (9 Am. R. 131 ) ; Dillon, Mun. Corp. § 235 ; *Mayfield* v. *Moore*, 53 Ill. 428 (5 Am. R. 52) ; *Nichols* v. *MacLean*, 4 East. R. 294 ; *Saline Co.* v. *Anderson*, 20 Kansas, 298 (27 Am. R. 171) ; *Pettitt* v. *Rousham*, 15 La. An. 239 ; *Singer* v. *Crenshaw*, 10 La. An. 297 ; *Major Herod*, 13 Opinions Attorney General. *Frazer* v. *U. S.* 16 Court of Claims, 507 ; *Stuhr* v. *Curran*, 15 Vroom, 181 (43 Am. R. 353).

Officer *de facto* not entitled to salary. *Pooler* v. *Reed*, 73 Maine, 129 ; *State* v. *Carroll*, 38 Conn. 449 ; *McVeany* v. *Mayor*, 80 N. Y. 192 ; *Dolan* v. *Mayor*, 68 N. Y. 274 ; *McCue* v. *County Wapello*, 56 Iowa, 698 (41 Am. R. 134) ; *People* v. *Potter*, 63 Cal. 127 (15 Reporter, 646) ; *Philadelphia* v. *Given*, 16 Penn. St. 136 ; *Mathews* v. *Copiah Co.* 53 Miss. 715 (24 Am. R. 718) ; *Carroll* v. *Sieben Thaler*, 27 Cal. 193 ; *Douglass* v. *State*, 31 Ind. 429 ; *Memphis* v. *Woodward*, 12 Heisk. 499 (27 Am. R. 750). Counsel also cited : *Goddard* v. *G. T. Ry.* 57 Maine, 228. Opinion of Justices, 70 Maine, 596. Freeman, Judgments, § 481.

*Joseph W. Symonds*, city solicitor, for defendant.

In *Farwell* v. *Rockland*, 62 Maine, 296, it is held that "a public officer has no proprietary interest in his office, nor property in the future compensation attached to it." "There is no contract express or implied, between a public officer and the government whose agent he is. The latter enters into no agreement that he

shall receive any particular compensation for the time he shall hold office; nor, in the case of statutory office, that the office itself shall continue any definite period."

"A policeman of the city of Bridgeport, is an arm of the law; he holds an office as a trust from the state; he is a preserver of the public peace; he is not the hired servant of a master; no contract relation exists between him and the city by which he is bound to its service; he can lay down his trust at any time according to his pleasure without exposing himself to an action for damages for breach of contract. As a rule, so far forth as public officers are concerned those only are entitled to the salary who both obtain and exercise their offices. Payment follows the actual discharge of duty, and not the formal offer to do it, no matter how honestly or persistently made." *Farrell* v. *Bridgeport*, 45 Connecticut, 195; *Marden* v. *Portsmouth*, 59 N. H. 18.

"A was illegally removed from the office of assessor and tax collector by the board of county commissioners, who appointed B in his stead. B performed the duty, and was compensated therefor. Subsequently A was restored to office. Held, that he could not recover from the county the fees to which he would have been entitled but for his illegal suspension." *Gorham* v. *Boise Co. Com.* 1 Idaho, N. S. 655, cited in 13 U. S. Digest, N. S. 692, Par. 36, 1883.

"B and M were opposing candidates for county treasurer. M was declared elected by the county canvassers and entered upon the duties of the office. The election was contested, and B was finally declared entitled to the office by the judgment of the Supreme Court. The county auditor in settling with M allowed him the salary for the time he held the office. Held, that B could not exact salary for the time M was actually in office." *Wayne Co.* v. *Benoit*, 20 Mich. 176 (4 Am. Rep. 382).

"County commissioners paid to the county clerk *de facto*, claiming *de jure*, the salary of his office. The title to the office was then in litigation to the knowledge of the commissioners, and the clerk *de facto* was insolvent. Held, that the clerk *de jure*, whose title was affirmed, had no cause of action for such salary." *Saline Co.* v. *Anderson*, 20 Kans. 298 (27 Am. R. 171).

In *Stubenville* v. *Culp*, 38 Ohio St. 18, (43 Am. Rep. 417,) it was held that "a police officer suspended by the mayor of a city under authority of the city charter, 'for sufficient causes,' is not entitled to wages during the period of suspension although the city council afterward declared the cause of suspension insufficient." *Compare Regina* v. *Cambridge*, 12 Ad. & El. 713 & 714.

"Disbursing officers charged with the duty of paying official salaries have, in the discharge of that duty, a right to rely upon the apparent title of an officer *de facto*, and to treat him as an officer *de jure* without inquiring whether another has the better right." *Dolan* v. *Mayor*, 68 New York, 274, 278-283.

A municipal corporation, whose disbursing officer has once made payment of the compensation given by law to an office, to one actually in the office, discharging its duties, with color of title, and with his right thereto not determined against him by a competent tribunal, is protected from a second payment." *McVeany* v. *Mayor*, 80 New York, 185, 193-194.

In *Terhune* v. *Mayor*, 88 New York, 247, it appeared that "the plaintiff was appointed inspector of combustibles by the Fire Commissioners; he was removed, and S appointed in his place; but under a decision of the Supreme Court determining that his removal was unauthorized and illegal, the plaintiff was reinstated. S performed the duties and received the salary of the office from the time of his appointment. Held, that plaintiff could not maintain an action against the city to recover the salary during the time he was kept out of office."

And in this case the court, after referring to it as no longer an open question that payment to a *de facto* officer, while he is holding the office and discharging its duties, is a defence to an action brought by the *de jure* officer to recover the same salary, proceeds to say, "But the plaintiff claims that his action may be treated as one to recover of the city damages for his wrongful dismissal from office. It is a sufficient answer to this claim that the city did not dismiss him from his office. The fire commissioners were public officers and not agents of the city. The city is no more liable for their wrong in dismissing the plaintiff than

it would have been if they had committed an assault and battery upon him;" thus putting the case in this respect upon precisely the same ground taken by this court in the case of *Andrews* v. *King*, 77 Maine, 224, that the removal of the plaintiff from his office by the order of the mayor and aldermen, was a judgment of court, and in no sense the act of the city.

It may be said in argument that these cases which have been cited to the effect that disbursing officers of cities and counties may pay the *de facto* officer in possession without being subject to liability themselves, and without subjecting the municipality or the county to danger of being obliged to make double payment, proceed upon the ground that the *de jure* officer in such case has his remedy against the *de facto* officer to recover of him the salary which he has received from the disbursing officer. It is undoubtedly true that many of these cases assume, argumentatively, that such remedy against the officer *de facto* exists. Thus in *Mayfield* v. *Moore*, 53 Ill. 428, (5 Am. Rep. 52) it was held that the legal right to an office confers the right to receive and appropriate the fees and emoluments legally incident to the place. So, if a person without legal right assumes to perform the duties of an office and receives the fees and emoluments thereof, he will be liable, in an action for money had and received, to him who holds the legal title for the amount so received, deducting therefrom the reasonable expenses of earning the same, where the person receiving the fees acted under an apparent right and in good faith. The same was substantially held in *Benoit* v. *Miller*, 24 Michigan, 458 (9 Am. Rep. 131). But the opposite was held in an elaborate opinion in *Stuhr* v. *Curran*, 15 Vroom, 181, (43 Am. Rep. 353,) and the whole subject is considered in a note to this case in 43 Am. Rep. 361-365.

We do not understand that the theory, that the officer *de jure* can recover of the officer *de facto* the salary of the office during the time that he held the title but performed no service, forms any essential part of the doctrine that the municipality or the county may safely pay to the officer *de facto* in possession, without liability to make second payment. That doctrine proceeds upon entirely different grounds, namely, upon the general principles of law

applicable to officers *de facto*, that, so far as the public and third persons are concerned, their actions are valid, and they are in fact the incumbents of the office which they hold. The disbursing officers of the county or municipality are just as much under the necessity, and therefore have just as much right to treat them as incumbents of the office as the public or any other persons who have occasion to have dealings with such officers *de facto*.

LIBBEY, J. The plaintiff was duly appointed city marshal of Portland, March 31, 1883, was duly qualified April 2, 1883, and performed the duties of the office till May 1, 1884, when by proceedings had before the mayor and aldermen of said city, he was formally removed. May 14, 1884, one Decelle was appointed by the mayor, with the advice and consent of the board of aldermen, to said office, to fill the assumed vacancy. He performed the duties of the office under that appointment till March 6, 1885.

The salary of the city marshal was fixed by the city council of Portland, at $1,300 a year, payable quarterly, on the first days of January, April, July and October, and he was required to provide at his own expense a horse and carriage for his official use.

On May 6, 1884, the plaintiff protested to the board of aldermen against his removal, claimed the right and offered to continue to perform the duties of the office.

He refused to surrender the keys to the marshal's office, held himself ready to perform the duties of marshal, keeping his team therefor till he was reinstated. During the time of his suspension he earned by his personal labor $495.

May 17, 1884, the plaintiff filed his petition for a writ of *certiorari* to quash the proceedings of his removal, and on proceedings duly had thereon, this court held that the proceedings were not in conformity to law and void, and that the plaintiff was legally entitled to the office of marshal. This decision was announced May 1, 1885. *Andrews* v. *King & als.* 77 Maine, 224.

From May 14, 1884, to March 7, 1885, the salary was paid by the city to Decelle.

The question in contention in this action is, whether the

plaintiff can recover of the city his salary from May 14, 1884, to March 7, 1885, while the duties of the office were performed by Decelle, and the salary paid to him. We think he can.

The plaintiff was marshal *de jure*. His salary was fixed by law. The legal right to the office carried with it the right to the salary or emoluments of the office. The salary follows the legal title. This doctrine is so generally held by the courts, that authorities hardly need be cited. *Dolan* v. *The Mayor*, 68 N. Y. 274; *McVeany* v. *The Mayor*, 80 N. Y. 185; *Fitzsimmons* v. *Brooklyn*, 102 N. Y. 536.

A *de facto* officer has no legal right to the emoluments of the office, the duties of which he performs under color of an appointment, but without legal title. He cannot maintain an action for the salary. His action puts in issue his legal title to the office, and he cannot recover by showing merely that he was an officer *de facto*. In *Nichols* v. *McLean*, 101 N. Y. 526, the court says: "It is abundantly settled by authority, that an officer *de facto* can as a general rule assert no right of property, and that his acts are void as to himself unless he is also an officer *de jure*." In Cro. Eliz. 699, the doctrine is tersely stated as follows: "The act of an officer *de facto*, when it is for his own benefit, is void; because he shall not take advantage of his own want of title which he must be conusant of; but where it is for the benefit of strangers, or the public, who are presumed to be ignorant of such defect of title, it is good." *Pooler* v. *Reed*, 73 Maine, 129; *State* v. *Carroll*, 38 Conn, 449; *McVeany* v. *Mayor*, 80 N. Y. 192; *Dolan* v. *The Mayor*, 68 N. Y. 274; *Nichols* v. *Maclean*, 101 N. Y. 526; *McCue* v. *County of Wapello*, 56 Iowa, 698; *The People* v. *Potter*, 63 Cal. 127. Hence it was held in *Nichols* v. *Maclean*, *supra*, after a careful examination of authorities, that the *de jure* officer, who was prevented from performing the duties of the office by an illegal removal, might recover of the *de facto* officer who performed the duties under color of an appointment, the salary which he had drawn while performing them. This result can be reached only on the ground that the *de facto* officer has no right to the emoluments of the office.

But it is contended by the learned counsel for the defendant that, admitting the foregoing propositions to be well founded, still

Decelle was exercising the duties of the office in fact, under color of title upon which the defendant might well act, before his legal right was decided, and be legally protected in paying the salary to him. We think this contention, when tested by the facts of the case and well established legal principles is unsupported by logic or sound reason. The city had full notice of the plaintiff's claim as the legal officer, and that the title to the office was in litigation. It must be held that it knew that the legal title to the office would draw with it the salary. May it assume to determine the question of legal right between the parties before decided by the court, pay to the one having no legal title, and then successfully set up its action in defence of the claim of the one having the legal right? May A, who holds a fund claimed by B and by C, with full notice of the claim of each, elect to determine between them, and pay to B, who has a *prima facie* right, and set up the payment as a defence to the claim of C, who has the legal title? It is perfectly well settled that he cannot. If he elects it is at his peril. He is not required to do so. He may await an action at law and then bring both claimants into court by bill of interpleader to litigate their title ; or he may bring the bill at once without waiting for the commencment of an action at law. Here the city was in no peril. It might have refused to pay to either till the title to the office was determined ; or by bill of interpleader, it might have brought the parties into court to litigate their title to the salary.

It is well settled that an office which has attached to it emoluments, has a pecuniary value although primarily it is an agency for public purposes, and that the right to the emoluments follows the legal title to the office. *Nichols* v. *McLean, supra* ; *Andrews* v. *King,* 77 Maine, 231. The officer cannot be deprived of his office without due process of law. Can it be, that, while the action of the mayor and aldermen of Portland, in the attempted removal of the plaintiff, was illegal and void as effecting his title to his office, it deprives him of his salary, all that was of pecuniary value to him? Such a contention has no support in well established legal principles. It would give the mayor, having the power of removal for cause, by the consent of the aldermen, the opportunity by unauthorized proceedings, to

deprive the legal officer of his salary, and bestow it upon a favorite.

We are aware that courts of high authority have sustained the doctrine contended for by the defendant. The doctrine of the court of appeals of New York, now seems to be that a payment of the salary by the city to the officer *de facto*, before the title to the office is determined, is a good defence to a claim by the legal officer: but that the legal officer may recover all of the salary not, in fact, paid before the right to the office is determined, although it accrued before the determination of the title. We do not find that that court has noticed the element of notice to the city by the legal officer of his claim before payment. Courts in some other states have followed the New York doctrine. Courts of high authority in several of the states have held that the officer, having a legal title to the office, may recover of the city the salary, notwithstanding it has been paid to the officer *de facto*. We have not attempted to analyze the cases and to try to reconcile them. They appear irreconcilable. Our court is uncommitted and we have come to the conclusion which seems to us best supported by reason and sound legal principles.

There is another question involved in the case, although not before us on the exceptions, arising on the special finding of the jury of the amount earned by the plaintiff by his personal labor during the time involved. It is claimed that the defendant has the right to recoup and have that amount deducted from the salary. The right of recoupment exists when the plaintiff claims damages for the breach of a contract; and then the sum to be recouped must arise out of the contract or the execution of it. The right to a salary, fixed by law, is not by contract. It is by statute, and unless there is some inhibition of the power, the tribunal establishing it, may change it at pleasure. *Farwell* v. *Rockland*, 62 Maine, 301. This precise question was settled in *Fitzsimmons* v. *Brooklyn*, 102 N. Y. 536.

The result is that the plaintiff is entitled to recover his salary as claimed, with interest from the time of demand.

*Exceptions sustained.*

Peters, C. J., Walton, Virgin, Emery and Haskell, JJ., concurred.