# Walden *v.* Town of Headland.

### *Assumpsit.*

(Decided June 10, 1908. 47 South. 79.)

1. *Officers; Salary; Payment to De Facto Officer.*—Where one is removed without cause by the governing body of the municipality and another elected his successor, and such other performed the services and was paid the salary, the person removed cannot recover

from the town the salary of the office; since the disbursing officer had no authority to inquire into and determine which of the two was entitled to the office, and had the right to act on one's apparent authority as an officer, and pay such one the salary.

2. *Same; Title to Office; Proceedings to Contest.*—One's right to an office can be determined only upon proper proceedings to which he is a party.

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. Evans.

Action by D. A. Walden against the town of Headland to recover salary alleged to be due him from the time of his unwarranted removal from office until the expiration of his term. From a judgment for defendant plaintiff appeals. Affirmed.

A. E. PACE, and W. L. LEE, for appellant.—Counsel insist that the law under which appellant was elected to office makes his term of office one year.—Acts 1898-9, p. 109. They insist that he was improperly removed from office.—*Welzen v. Board of Supervisors,* 40 Am. St. Rep. 45; *Timble v. The People,* 41 Am. St. Rep. 236; 15 A. & E. Ency. of Law, 1061; 23 Ib. 428.

ESPY & FARMER, for appellee.—Counsel discuss assignments of error, with criticism of authority relied on by appellant, but cite no authority in support thereof.

TYSON, C. J.—By this action the plaintiff seeks to recover of the defendant, a municipality, compensation alleged to be due to him in the form of salary for certain named months during the year 1906. He predicates his right to the compensation upon the theory that he was during that period of time the de jure officer of the municipality, and therefore was entitled to the salary notwithstanding another performed the requisite services as a de facto officer. It appeared indisputably from the evidencet that plaintiff was removed from office by the governing body of the defendant municipality, and was

paid his salary up to the date of his deposition. Shortly after his removal one Carr was elected by the municipal authorities who were authorized to elect him, qualified, and assumed and discharged the duties of the office during the period for which the compensation is here sought to be recovered. The point made and relied on is that plaintiff was removed without opportunity of a hearing, and therefore his removal was illegal.

Conceding that plaintiff's removal was without notice, and therefore unwarranted, it by no means follows that he is entitled to recover. Indeed, the law is otherwise. The disbursing officer of the town was authorized to pay Carr, who was exercising and discharging the duties of the office, the salary attached to it, and the defendant cannot be made to pay a second time. The officer was under no duty to inquire into or determine whether plaintiff or Carr was entitled to hold and perform the duties of the office. In the payment of the salary he had the right to act upon Carr's apparent authority as an officer. There was no proof, if that were important, that this officer was ever informed that plaintiff disputed Carr's title to the office, and therefore his right to the salary attached to it. Furthermore, Carr's title to the office cannot be determined in this action. That is a matter that can be determined only in a proceeding to which Carr is a party.—*Dolan v. Mayor,* 68 N. Y. 274, 23 Am. Rep. 168; *McVeany v. Mayor,* 80 N. Y. 185, 36 Am. Rep. 600; *Selby v. Portland,* 14 Or. 243, 12 Pac. 377, 58 Am. Rep. 307; *Commissioners v. Anderson,* 20 Kan. 297, 27 Am. Rep. 171; *Wayne County v. Benoit,* 20 Mich. 176, 4 Am. Rep. 382; *McAffee v. Russell,* 29 Miss. 97; *Parker v. Spervisors,* 4 Minn. 59 (Gil. 30); Mechem on Public Officers, §§ 330, 332; Throop on Public Officers, § 510 et seq.

Affirmed.

DOWDELL, SIMPSON and ANDERSON, JJ., concur.