## COE v. CITY OF DOTHAN. (4 Div. 779.)

(Court of Appeals of Alabama. Nov. 14, 1922.)

**1. Officers 41—"De facto officers" defined.**

An officer de facto is one who exercises the duties of an officer under color of appointment or election to that office.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, De Facto Officer.]

**2. Municipal corporations 184(2)—Right of city policeman to hold office can be determined only by direct proceeding.**

The right of a city policeman to hold office when appointed by the chief of police after his removal of former incumbent duly installed under provisions of Code 1907, § 1066, can only be legally determined by direct proceeding.

**3. Municipal corporations 186(4)—Payment of salary to de facto policeman is defense in suit against city for salary by one claiming as de jure officer.**

Payment of salary to a city policeman discharging his duties and claiming office de facto under appointment by the chief of police who removed the former incumbent, duly installed under provisions of Code 1907, § 1066, is a valid defense in an action brought by the former incumbent claiming as an officer de jure to recover salary.

**4. Courts 91(1)—Alabama Supreme Court decisions control Court of Appeals where authorities conflict.**

Under Acts 1911, p. 100, § 10, where the Court of Appeals is confronted with conflicting authorities, the decisions of the Alabama Supreme Court control.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by A. C. Coe against the City of Dothan. From a judgment for defendant, plaintiff appeals. Affirmed.

O. S. Lewis, of Dothan, for appellant.

An officer de jure may recover the salary of the office. 79 Me. 484, 10 Atl. 458, 10 Am. St. Rep. 280. The salary is an incident to the office and not to its occupancy. 79 Me. 484, 10 Atl. 458, 10 Am. St. Rep. 280; Code 1907, §§ 1172, 1179.

Reid & Doster, of Dothan, for appellee.

Where one is removed without cause by the governing body of a municipality and another elected his successor, and such other performed the services and was paid the salary, the person removed cannot recover from the town the salary of the office. 156 Ala. 562, 47 South. 79.

BRICKEN, P. J. The record before us in this cause discloses that on the 8th day of October, 1918, the appellant was elected a policeman for the city of Dothan, Houston county, by the city council of said city; that appellant qualified as such policeman and entered upon the discharge of his duties and served said city as such officer until the 8th day of September, 1919, when he was relieved from duty by the chief of police of said city and was discharged from duty by said chief of police, who reported the discharge of the appellant to the mayor of said city; that the mayor of the city of Dothan approved and ratified the act of the chief of police in discharging the appellant as a policeman for the city of Dothan; that the salary at which appellant was elected a policeman for the city of Dothan was $100 per month; that, immediately following the discharge of appellant, Horace Daughtry was employed by the chief of police and the mayor of Dothan to fill the office from which the appellant had been discharged, as aforesaid; that Daughtry immediately qualified as such policeman and entered upon the discharge of the duties of said office and did discharge said duties, and received from the disbursing officer of said city the salary and compensation of said office during each and every month, for which the appellant sued said city in the court below.

The case was tried, by consent of the parties, by the court and without a jury. Judgment was rendered by the trial court for the defendant, and from that judgment the appellant prosecutes this appeal.

The appellant on this appeal takes the position that he was an officer of the city of Dothan, viz. a policeman; that he was elected to said office by the city council of said city, who were thereunto duly and legally authorized under the provisions of section 1066 of the Code; that his term of office was two years, and that the salary of the office to which he was elected was $100 per month, payable monthly; that his discharge and removal from office by the chief of police and mayor was illegal and void; that the appointment of his successor was likewise illegal and void; that the only way he could have been legally discharged and removed from office was by the city council of said city under the provisions of sections 1172 and 1179 of the Code; that, not being removed and discharged from office as provided by law, there was no vacancy in his office, and that the payment of the salary of the office to Daughtry, who was appointed by the chief of police and mayor, and who actually discharged the duties of said office during the months for which the appellant claims his salary, by said municipality, constitutes no legal and valid reason why said salary should not be paid to him, and is not a legal defense to appellee in this case. The contention is that appellant was not legally remov-

ed from office, and that Daughtry was illegally appointed to succeed him, and that the salary of the office pertains to the office as an incident thereto and thereof, and that the same could not have been legally paid to Daughtry, and that he was not entitled to receive said salary.

[1] An officer de facto is one who exercises the duties of an office under color of an appointment or election to that office. Heath v. State, 36 Ala. 273, 276; Williamson & McArthur v. Woolf et al., 37 Ala. 298, 304.

[2] For the purposes of this case it is unnecessary for this court to determine whether Daughtry was a policeman of the city of Dothan de jure or de facto. Indeed, his right to the office could only be legally determined by a proceeding brought directly to determine that question. He was appointed to the office by the chief of police and mayor of the city of Dothan, or by the chief of police with the consent of the mayor, and discharged the duties of the office under color of that appointment, and was paid its salary.

It is stated in the agreed statement of facts, upon which the case was submitted in the court below, that the city clerk of said city of Dothan drew his warrant on the city treasurer of said city in favor of said Daughtry each month covered by the complaint for the salary of the office, and that the treasurer of said city was authorized to pay, and did pay, said warrants.

It is frankly stated by appellant's counsel in the brief before us that the judgment of the court below was based on the case of Walden v. Town of Headland, 156 Ala. 562, 47 South. 79, but it is insisted that Walden's Case is to be distinguished from the case at bar because the officer Carr was elected by municipal authorities, who were authorized to elect him, while in the instant case the removal and discharge of appellant was without legal authority, and therefore void, and that the appointment of Daughtry, his successor, was illegal and void.

[3] We are of the opinion that, while the case of Walden v. Town of Headland, supra, differs in certain respects from the case at bar, still the effect of that decision is that, wherever a salary has been paid by a municipality to a de facto officer, or to one actually occupying the office and discharging its duties, an officer de jure claiming the identical office may not maintain a suit against the municipality for the salary so paid said de facto officer or incumbent of office for services performed by him while discharging the actual duties of the office.

It is distinctly determined in the Walden Case that, notwithstanding the fact that the plaintiff's removal from office was unwarranted, still he could not recover, and that the payment to his successor, who was exercising and discharging the duties of the office, was a valid defense to its payment the second time, and that the title to the office could not be determined in that action. A study and consideration of the cases upon which Walden's Case, supra, is founded, will, in our opinion, disclose that no different conclusion could be obtained from the reason and logic of those cases.

As an illustration, we cite the following excerpt from the case of Selby v. City of Portland, 14 Or. 243, 12 Pac. 377, 57 Am. Rep. 307, upon which Walden's Case, supra, is in part founded:

"It has long been a mooted question whether the payment of a salary or fees or emoluments of an office to a de facto incumbent would exonerate the government or political body from the payment thereof to the de jure officer. Numerous authorities have been cited upon both sides of that question, though it is not before the court as the case stands. Those cited by the respondent's counsel go, in the main, to show that it will not. They maintain that the compensation is attached to the office, and carry it out to its logical sequence by holding that the salary must be paid to the de jure officer; while the ones which maintain the contrary doctrine generally concede that the salary is attached to the office, yet hold that the disbursing officer is not compelled to look beyond the certificate of election or appointment of the person who is in the discharge of the duties, and that payment to such party discharges the obligation of the political body in regard to the matter; but neither class of cases sanctions the right of the de jure officer to recover the salary while out of possession of the office, until he obtains a determination of a competent tribunal in favor of his title, in a direct proceeding instituted for that purpose."

There are two distinct lines of authority upon the question at issue. One line holds that a salary which has been paid to a de facto officer or incumbent of office discharging its duties cannot subsequently be collected from a municipality by the officer de jure, because such collection would be against the principles of public policy, and because the right of, and title to, an office cannot be determined in a collateral proceeding.

The other line of authority holds that the de jure officer is entitled to recover, notwithstanding the payment by the municipality to the officer de facto or incumbent of the office discharging its duties, because the salary of an office attaches to the office as an incident thereof and can only be paid to the de jure officer.

The Supreme Court of Alabama, in determining the question at issue, has followed that line of authority which holds that payment by a municipality to an officer de facto, or to one filling the office and discharging its duties, is a valid defense to an action brought by an officer de jure to recover the salary so paid.

These two lines of authority are in direct conflict and cannot be reconciled. The lack

of harmony in the decisions is expressly noted and referred to in the footnote to the case of Andrews v. Portland, 79 Me. 484, 10 Atl. 458, 10 Am. St. Rep. 280, cited by appellant in the brief before us.

[4] This court, under the statute, is governed by the decisions of the Supreme Court of Alabama (Acts 1911, p. 100, § 10; Ex parte L. & N. R. R. Co., 176 Ala. 631, 58 South. 315), and, we being of the opinion that the issues of this case are determined by the case of Walden v. Town of Headland, supra, it follows that the judgment of the trial court must be affirmed.

Affirmed.