154 So. 589

## IRWIN v. JEFFERSON COUNTY.
### 6 Div. 494.

Supreme Court of Alabama.
March 29, 1934.

Rehearing Denied May 24, 1934.

Jelks H. Cabaniss and Jos. F. Johnston, both of Birmingham, for appellee.

Ernest Matthews and W. B. Harrison, both of Birmingham, for appellant.

GARDNER, Justice.

Though there is an irreconcilable conflict in the decided cases, yet the weight of authority is to the effect that payment of a salary of an office to a de facto incumbent discharging its duties exonerates the government or political body from the payment thereof to the de jure officer. Such conclusion rests in the main upon the broad ground of public policy. The authorities are collated in the note to Hittell v. City of Chicago, 55 A. L. R. 994, and 43 C. J. 688. This court in Walden v. Town of Headland, 156 Ala. 562, 47 So. 79 (properly interpreted by the Court of Appeals in Coe v. City of Dothan, 19 Ala. App. 33, 94 So. 186), adopted the majority view, which we consider decisive of this appeal, adversely to appellant.

We are cited by counsel for appellant to several authorities, among them, Mattox v. Board of Education, 148 Ga. 577, 97 S. E. 532, 5 A. L. R. 568; Morrell v. Carr, 129 Ind. 44; Luth v. Kansas City, 203 Mo. App. 110, 218 S. W. 901; Coughlin v. McElroy, 74 Conn. 397, 50 A. 1025, 92 Am. St. Rep. 224; Brown v. Tama County, 122 Iowa, 745, 98 N. W. 562, 101 Am. St. Rep. 296; People ex rel. McDonnell v. Thompson, 316 Ill. 11, 146 N. E. 473; Andrews v. Portland, 79 Me. 484, 10 A. 458, 10 Am. St. Rep. 280; Pollard v. Nashua, 77 N. H. 347, 91 A. 872; Gracey v. St. Louis, 213 Mo. 384, 111 S. W. 1159; State ex rel. Rundberg v. Kansas City, 206 Mo. App. 17, 226 S. W.

986; Markus v. Duluth, 138 Minn. 225, 164 N. W. 906; City of San Antonio v. Steingruber (Tex. Civ. App.) 177 S. W. 1023; State ex rel. Hamilton v. Kansas City, 303 Mo. 50, 259 S. W. 1045, which, it insists, recognize the above-noted general rule, but create an exception thereto when the governing body acts arbitrarily and in bad faith.

We have carefully read and examined each of these authorities, but any detailed discussion of them here would extend this opinion to undue length, and, in addition, serve no useful purpose, for the reason we do not conceive the instant case comes within the influence of any exception therein recognized. We may add, however, that, as to the cases of Coughlin v. McElroy, and Brown v. Tama County, supra, we fail to discover a discussion of any matter of exception to the rule, but merely an adherence to the majority view.

Appellant held office by appointment of the solicitor of the circuit under Loc. Acts 1923, p. 16. The county commission selected another in his stead, acting under authority of the Act of the Legislature of April 22, 1931, Gen. Acts 1931, p. 247, and the appointee by virtue of this authority entered into and continued during the period of time here involved the active discharge of the duties of the office, and received the salary therefor.

■■ But this act was in December, 1931, declared unconstitutional by this court in the case of Henry v. Wilson, 224 Ala. 261, 139 So. 259, and appellant argues that as an unconstitutional act is void, and no rights can be acquired under it (citing Norwood v. Goldsmith, 168 Ala. 224, 53 So. 84), the county commission acted without warrant of law, and therefore wrongfully displaced him. Following therefore this line of reasoning, it is insisted that in legal effect at least bad faith is shown, and the case brought within the exception of some of the cited cases.

None of the authorities relied upon involved the question here presented, and we find the facts widely different from the instant case.

But the act was presumably constitutional (12 C. J. 791), and the argument overlooks the principle recognized in the decisions express-ing the majority view, that the disbursing officer may well rest upon the title to the office conferred by virtue of the act presumably valid, and is not required to search further and determine its constitutionality. As held in Walden v. Town of Headland, supra, he had the right to act upon the appointee's apparent authority as an officer. Indeed, it would seem that the argument, followed to its logical conclusion, would lead to the result that the appointee of the commission could not be an officer de facto because of the fact that subsequently the act authorizing his appointment was declared unconstitutional. But the contrary was expressly held by this court in Ex parte State, 142 Ala. 87, 38 So. 835, 110 Am. St. Rep. 20, which is in harmony with the authorities elsewhere. 46 C. J. 1057, 1058.

We think it clear that the appointee of the commission was a de facto officer. 46 C. J. 1057; Norwood v. Goldsmith, supra; Coe v. City of Dothan, supra, see 21 Alabama & Southern Digest, Officers, ☞41, p. 283; Heath v. State, 36 Ala. 273; Williamson v. Woolf, 37 Ala. 298. Nor do we find anything in Thompson v. State, 21 Ala. 48, tending to the contrary.

The appointment by the commission was not void upon its face, but entirely regular, and under authority of an act presumably valid, and as we read the Thompson Case, supra, both the holding and reasoning of the court fully sustain the conclusion that the commission's appointee was a de facto officer.

We have not considered any definite conclusion necessary as to the declared exception to the rule discussed in some of appellant's authorities. Suffice it to say that, accepting appellant's argument for the moment, this case does not come within the influence thereof, and such authorities are therefore here without application.

We are at the conclusion that the Walden Case, supra, is in principle here controlling, and that the trial court correctly ruled.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.