159 So. 498

## TILLEY v. STATE.
### 6 Div. 782.

Court of Appeals of Alabama.
Feb. 19, 1935.

See Tilley v. State, 230 Ala. 22, 159 So. 496.

St. John & St. John, of Cullman, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant was charged by indictment with the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol; and, in the second count for the unlawful possession of a still, etc., to be used for that purpose. The two counts of the indictment were in proper form and substance. There was a general verdict of guilty, whereupon the court pronounced and entered a judgment of conviction and duly sentenced appellant to serve an indeterminate term of imprisonment in the penitentiary. From such judgment this appeal was taken.

But one point of decision is involved upon this appeal.

Before entering upon the trial of this case, the defendant made a motion to quash the venire of petit jurors, summoned for that week, upon the grounds hereinafter stated.

Upon taking this case up for consideration, this court made the following certification to the Supreme Court:

"To the Supreme Court of Alabama:

"There is pending in this court, on submission, the case of Bob Tilley v. State, appealed from the circuit court of Cullman county, in which there is involved certain questions of law, as to which the judges of this court are unable to reach an unanimous conclusion, or decision. The undersigned judge of said court, therefore, certifies to the Supreme Court the questions of law thus involved as enumerated below, for your opinion upon the questions so certified.

"Statement of Facts.

"The appellant, Bob Tilley, was convicted of the offense of manufacturing whisky. Before entering upon the trial of the case, the defendant made a motion to quash the venire of petit jurors summoned for the week beginning February 11, 1935, on the following grounds:

"(1) Because the Honorable A A. Griffith, who was elected at the general election in No-

vember, 1934, as the judge of the circuit court of Cullman county, Ala., for a term of six years from the first Monday after the second Tuesday in January, 1935, and that said A. A. Griffith, judge-elect, did on Monday, the 14th day of January, 1935, draw the said jury now presented and offered to this defendant from which he must select the jury to try this case.

"(2) Because the venire from which the jury to try the defendant was drawn by the said A. A. Griffith, judge-elect, before his term of office began.

"(3) Because the jury which is now presented to this defendant from which to select his jury to try said case was drawn by the Honorable A. A. Griffith, judge-elect of the circuit court of Cullman county, before his term of office began, and said jury was not drawn by a judge of the circuit court of Cullman county, Ala., as required by law.

"It was admitted by the state that the Honorable A. A. Griffith was elected judge of the Eighth judicial circuit of Alabama at the regular general election held in November, 1934, for a term of six years from the first Monday after the second Tuesday in January, 1935, and that the said A. A. Griffith, judge-elect, on Monday, the 14th day of January, 1935, drew the jury from which a jury was selected to try the appellant. The court thereupon overruled the motion to quash the venire, and the defendant duly excepted.

"Thereupon, the defendant objected to going to trial before the jury drawn for said week of said term of said court upon the same grounds. The court overruled this motion, to which the defendant excepted.

"The Honorable A. A. Griffith, judge-elect, drew the jury on the 14th day of January, 1935, which was the first Monday after the second Tuesday in January.

"Questions certified under provisions of section 7311, Code 1923, are as follows:

"First. When did the term of office of Judge James E. Horton end, and when did the term of office of Judge A. A. Griffith begin?

"Second. Was the jury drawn by the person authorized by law to draw the jury?

"Third. If the jury was not drawn by the person authorized by law to draw the same, is this ground for quashing the venire?

"These questions were raised on the trial of this case in the circuit court and an agreement was reached by which the court adjourned, and a test case was made of this case to have the question of the legality of

the drawing of the jury for this term of the court passed upon and determined by the appellate court before any further proceedings were had by the circuit court for the reason that it involved the legality of all indictments by the grand jury, as well as the legality of the trials of criminal cases before the jury so drawn.

"Certified this 15th day of February, 1935.
"C. R. Bricken,

"Presiding Judge, Court of Appeals, Ala."

In response to the foregoing certified question, the Supreme Court replied as follows:

"Anderson, Chief Justice.

"As we understand, this is not a direct proceeding to test the title or respective authority of Horton, the retiring judge, and Griffith, his successor, but involves a collateral attack on the authority of Judge Griffith.

"Section 2567 of the Code of 1923 fixes the term of office of judges of the Supreme Court, circuit judges, and others therein mentioned at six years from the first Monday after the second Tuesday in January next after their election. Regardless of the case of Oberhaus v. State ex rel. McNamara, 173 Ala. 483, 55 So. 898, which deals with the term of the Governor, under section 2566, the judges have customarily assumed office on Monday after the second Tuesday in January as was done by Judge Griffith. But it is unnecessary for us to decide whether the Oberhaus Case, supra, is sound or would control in a contest between the outgoing and incoming judges, as Griffith assumed the office after having been duly elected and presumably under a commission and had such right and color as to render him a de facto officer as distinguished from an usurper or intruder. Mechem on Public Officers, §§ 317 to 321, inclusive; Williamson & McArthur v. Woolf et al., 37 Ala. 298.

"We therefore hold, and so advise, that the drawing of the jury and other acts performed by Griffith were not invalid.

"Gardner, Bouldin, and Foster, JJ., concur."

The reply of the Supreme Court is conclusive of this appeal, and decides adversely to the insistence of appellant. Under the provisions of section 7311 of the Code 1923, this court is required to give the same effect to said reply as we are required by statute to give to the decisions of the Supreme Court.

It follows that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.