PAUL W. WARDWELL

*vs.*

INHABITANTS OF THE TOWN OF CASTINE

(2 Cases)

Hancock.   Opinion, September 5, 1958.

*Nicholas P. Brountas,*
*Vafiades & Brountas,* for plaintiff.

*Silsby & Silsby,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   On March 19, 1956 at a town meeting of the defendant Town of Castine, the plaintiff was duly elected to the office of road commissioner. He duly qualified by tak-

ing oath and furnished bond and entered upon the discharge of the duties of his office. This election was in compliance with the mandatory requirements of R. S., 1954, Chap. 91, Sec. 20, the pertinent portion of which provides:

> "Each town shall hereafter, at its annual meeting, elect by majority vote a road commissioner, who shall hold his office for the term of 1 year from the date of his election;"

At the same meeting an appropriation of $2300 was voted for the salary of the road commissioner for one year.

The duties of the office are statutory and relate to the repair and maintenance of highways and bridges within the town and such matters as snow removal, elimination of highway defects and obstacles to travel, and the like. Applicable statutory provisions dealing with the responsibility of road commissioners may be found in R. S., 1954, Chap. 96, Secs. 70, 72, 74, 75, 77, 82, 83, 84 and 85.

The essential facts are not in dispute. It appears that for several years it had been customary for the person elected road commissioner to perform certain other duties under the direction of the selectmen. These included the collection and disposition of garbage, care of the public swimming pool and maintenance of the public wharf and common. Plaintiff was supplied by the town with a truck which he used in the performance of all of these duties, statutory and otherwise. No additional salary or compensation was authorized or paid for the performance of duties unrelated to the office of road commissioner.

In July of 1956 a dispute arose between the selectmen and the plaintiff as to the method of garbage collection. The plaintiff refused to carry out an express order of the selectmen, apparently because he felt that it involved showing favoritism to one property owner over all others in the town. The selectmen then promptly removed the truck from

the possession of the plaintiff and on July 21, 1956 sent him the following letter:

"Office of the Selectmen

Castine, Maine

July 21, 1956

Mr. Paul Wardwell
Castine, Maine

Dear Paul:

This is to confirm our action of July 21, 1956. You are relieved of your duties for the Town accept (sic) as road commissioner. Please be informed that there is no money available for roads.

Sincerely yours,

(Signed)   James G. Sawyer
(Signed)   Alfred Langlois, Jr.
(Signed)   George W. Dunbar

SELECTMEN OF CASTINE"

The plaintiff informed the selectmen that they would have to pay him his salary as road commissioner or "stand a law suit." Subsequently the plaintiff wrote to the selectmen offering to go back to work if they would reinstate him and return the truck. He performed no duties after July 21, 1956. The plaintiff seasonably brought suit for the unpaid portion of his official salary. The demands in two writs, taken together, cover the entire period from July 21, 1956 to the end of the official year. The two cases were tried together. At the close of the evidence the defendant moved for directed verdicts. These motions were denied and exceptions thereto raise the issue here. Jury verdicts were returned for the plaintiff in both cases.

It is not contended that the plaintiff ever formally resigned as road commissioner. Nor was he removed from that office. The method of removal for cause is provided by R. S., 1954, Chap. 91, Sec. 20, which states in part:

"Upon written complaint made against any road commissioner by 10 taxable inhabitants of the town, the county commissioners, after notice to such road commissioner, shall hold a public hearing thereon within 10 days from the filing of the complaint, and if the charges are sustained remove said road commissioner forthwith."

No such proceeding took place. In fact, the selectmen did not purport to remove the plaintiff from his elective office, illegally or otherwise. They expressly disclaimed any such intention in their letter as above quoted. The only issue then is whether or not the plaintiff abandoned the office of road commissioner. Proof of abandonment of office must show a voluntary and intentional relinquishment of office. Such intention may be actual or imputed and is a question of fact. It may be inferred from the party's acts. *State* v. *Harmon,* 115 Me. 268; *Harding, Attorney General, et al.* v. *Brown,* 153 Me. 331.

In each of the cited cases, the conduct of the plaintiff conclusively demonstrated an intention to vacate the office. In the instant case, however, the plaintiff refused only to perform non-statutory duties imposed upon him by custom and which he performed without compensation. These duties were legally unrelated to the office of road commissioner. The jury could and did find upon all the evidence that the plaintiff never voluntarily and intentionally abandoned the office to which he had been elected but, on the contrary, stood ready to perform the duties imposed upon him by law whenever equipment and necessary funds should become available for that purpose. If he thus retained the office but

discharged the obligations thereof in such a manner as to give cause for removal, resort should have been had to the statutory process as above set forth. A town may not take action to prevent an official from performing the duties of his office and thereafter charge that his resulting failure to perform is tantamount to voluntary and intentional abandonment of that office.

If the plaintiff retained his office, he was entitled to the salary for the entire term. "His salary was fixed by law. The legal right to the office carried with it the right to the salary or emoluments of the office. The salary follows the legal title." *Andrews* v. *Portland,* 79 Me. 484, 490.

The presiding justice properly refused to direct verdicts for the defendant. The entry will be

*Exceptions overruled.*