## FULLER V. ROBERTS COUNTY.

A county or municipality which has paid a salary to a *de facto* officer, who performed the duties of the office, under color of title, while the right to it was in litigation, cannot be held liable therefor again to another who may thereafter establish his title to the office.

(Opinion filed Aug. 27, 1896.)

Appeal from circuit court, Roberts county. Hon. J. O. ANDREWS, Judge.

Action to recovery a salary as county judge. Judgment for plaintiff, and defendant appeals. Reversed.

The facts are stated in the opinion.

*Howard Babcock*, for appellant.

Salary paid to the *de facto* officer, under the circumstances of this case, is a complete defense to the action. 5 Am. & Eng. Encyc. of Law 109; 19 Id. 531; 1 Mechem Pub. Off., § 332; Auditors v. Benoit, 20 Mich. 176; 4 Am. Rep. 382, Connor v. Mayor, 5 N. Y. 285; McManus v. Brooklyn, 25 N. Y. (S. R.) 939; McVeauxy v. Mayor, 30 N. Y. 185, 36 Am. Rep. 600; Smith v. Mayor, 37 N. Y. 518; Dolan v. Mayor, 68 N. Y. 274; 23 Am. Rep. 168; Terhune v. New York, 88 N. Y. 274; Michel v. New Orleans, 32 La. 1094; Commissioners v. Anderson, 20 Kan. 298; 27 Am. Rep. 1714; State v. Milne, 54 N. W. 521.

*George W. Case*, for respondent.

Cited People *ex rel.* Dorsey v. Smith, 28 Cal. 21; Carroll v. Siebenthaler, 27 Id. 193; Andrews v. Portland, 79 Me. 485, 10 Atl. 458; Memphis v. Woodward, 12 Heisk. (Tenn.) 499; Warden v. Bayfield County, 58 N. W. 248 (Wis.); State v. Carr, 129 Ind. 44; Fylpaa v. Brown County, 6 S. D. 634, 62 N. W. 962.

CORSON, P. J. The plaintiff, claiming to be the legally elected county judge of the defendant county for the term commencing on the first Monday in January, 1893, brought this action to recover the sum of $750, balance claimed to be due him as such county judge. Judgment was rendered in his favor for $600, and the defendant appeals.

The action was tried by the court without a jury, and its findings of fact are as follows: "First. That a general election was held in said Roberts county on the 8th day of November, 1892, and that at said election the plaintiff, Burt Fuller, was duly elected to the office of county judge of Roberts county for the term commencing January 1, 1893, and thereafter a certificate was duly issued to the plaintiff by the county auditor of said Roberts county, and that on the 3d day of January, 1893, the plaintiff qualified for said office, filing his bond and subscribing the oath of office as provided by law, and immediately thereafter demanded possession of said office, and was during the entire term of said office the *de jure* officer, and ready and willing to perform the duties of said office. Second. That the salary of the county judge of Roberts county was fixed, and was, at and during the term of office for which plaintiff was elected, the sum of six hundred dollars per annum, payable quarterly, and that the salary for the entire term of office for which said plaintiff was elected was twelve hundred dollars. Third. That no part of said salary has been paid by the defendant county to plaintiff, Burt Fuller, except the sum of four hundred fifty dollars, which was paid on the 8th day of January, 1895. Fourth. That prior to the time when said plaintiff qualified to enter upon the duties of his office, an election contest was commenced by J. J. Batterton, the then county judge of Roberts county, contesting the election of the said Burt Fuller, and that on the 18th day of September, 1893, judgment was rendered in the said contest action in favor of the said J. J. Batterton and against the said Burt Fuller, sustaining said contest, and that during the time of said term of office the said J. J. Batterton was incumbent in, and performed the duties of county judge in, said office. Fifth. That on the 11th day of January, 1894, an order was made by the court setting aside and vacating the judgment in said contest proceedings, and granted to the plaintiff, Burt Fuller, who was defendant in said contest proceedings, a new trial therein. Sixth. That defend-

ant county has paid to said J. J. Batterton, as salary for the office of county judge for said term, the sum of seven hundred and fifty dollars."

From these findings the court concludes, as matter of law, that the defendant county was indebted to the plaintiff for the salary for the term, less $450 paid, and $150 paid Batterton for the quarter ending December 31, 1893. This was the quarter following the judgment in favor of Batterton, and before the new trial was granted, and was evidently allowed to the county upon the theory that, having been paid by it after judgment in Batterton's favor, it was properly paid. We may add that the order granting a new trial, referred to in the fifth finding, was, on appeal to this court, affirmed. The case is reported under the title of Batterton v. Fuller, 60 N. W. 1071. Prior to the trial the court, on motion of plaintiff's counsel, struck out three paragraphs of the answer, to which the defendant excepted, and it now assigns as error the ruling of the court in so striking them out. But, in the view we take of the case, it will not be necessary to discuss this, and many other assignments of error in the record, and we shall confine ourselves to the consideration of the following assignments: "The court erred in finding, as a matter of law, that the defendant county is indebted to plaintiff, Burt Fuller, on account of the salary of county judge, for the term of office commencing on the 1st day of January, 1893, and ending on March 31, 1894, except the salary of said office for the quarter ending December 31, 1893. (12) The court erred in finding, as a matter of law, that the sum due to plaintiff from defendant on account of said salary is the sum of six hundred dollars with interest from and after the 8th day of January, 1895." It will be observed that the court finds that Batterton discharged the duties of the office of county judge during the entire term, and that the county had paid him therefor the sum of $750, which, with the $450 paid to the plaintiff, made up the salary of the entire term. So far as the record discloses, no judgment was at any time rendered against Bat-

terton during the term, and hence the county, by its board of commissioners, made no payments of salary to him, with knowledge of any judgment in favor of the plaintiff, as did the commissioners in the case of Fylpaa v. Brown Co. (S. D.) 62 N. W. 962. The only judgment in the case of Batterton v. Fuller, so far as the record discloses, was one in favor of Batterton's title to the office. It is true, that judgment was set aside and vacated, and a new trial granted, but the granting of the new trial did not determine the respective rights of the parties to the office. It would seem that the weight of authority sustains the position that payment made to a public officer *de facto*, who discharges the duties of an office pending the litigation as to the title, is a bar to the recovery of the money so paid, in an action by the officer *de jure*. The rule is thus stated by Mr. Justice FULLER in Chandler v. Hughes Co. (S. D.) 67 N. W. 947: "The rule is that payment by a municipality to an officer *de facto*, who has entered upon and performed the duties of an office, under color of title, pending litigation to establish the right of a *de jure* officer, is a bar to a recovery from the public of the amount thus paid before the entry of judgment, and the only remedy available to the officer *de jure* is an action for damages against the officer *de facto*. Mechem, Pub. Off. 871; Commissioners v. Anderson, 20 Kan. 298. Payment by the public to one with color of title, actually in an office, discharging its duties, whose right thereto has not been by a competent judicial tribunal adversely determined, is full protection against any further liability." The decision of the court, therefore, upon the facts found, cannot be sustained, and must be reversed.

It is contended by the respondent that such a rule will encourage parties to hold over offices to which they have in fact no title, in order to draw the salary. There is force in this con tention. But it is for the interest of the community that public offices should be filled, and the duties of the office discharged by either an officer *de jure* or an officer *de facto*; and in order to se-

cure this service, the officer performing it must ordinarily be paid. And the public should not be allowed to suffer by reason of litigation between conflicting claimants to an office; and the payment, in good faith, to the officers discharging the duties of the office, should be held a bar to any other action. Ordinarily, it would be the duty of the circuit court, in a contest case, to put the claimant, who has the certificate of election, and therefore, *prima facie*, the title to the office, in possession by mandamus proceedings, without in any manner determining the real title to the office, if the court is satisfied that an election duly authorized by law has been held, or an appointment provided for by law has been made. This was declared to be the law in Driscoll v. Jones, 1 S. D. 8, 44 N. W. 726, after a full consideration of the subject. In this case, so far as the record discloses, the plaintiff made no application for such a writ, and seems to have allowed Batterton to retain the office during the pending of the contest proceedings. It is to be presumed that, if the application had been made to the court, it would at once have issued its mandate, and placed the plaintiff in possession of the office pending the litigation, upon the production of his certificate of election, and proof that he had duly qualified. This *prima facie* title may be impeached in the proper proceeding, but cannot be on an application for a mandamus. In that proceeding no question of the actual title is involved. Who, upon the face of the papers, is entitled to the office? is the only question involved in such a proceeding. The judgment of the circuit court is reversed.