Hillsborough, }
July 17, 1914. }

### GEORGE E. BAKER & *a. v.* NASHUA.

### HARVEY POLLARD & *a. v.* SAME.

Where police commissioners, acting in good faith, appoint police officers who
perform the duties of the office, such appointees are officers *de jure* and entitled
to compensation.

The fact that an officer *de jure* has not performed the duties of his office is no
defence to an action to recover the salary thereto attached.

Under section 4, chapter 148, Laws 1913, the police commissioners of Nashua
have authority to appoint as many police officers as they deem necessary, to
fix their compensation, and to pledge the credit of the city for its payment; and
it is the implied duty of the city councils to provide the funds required for such
salaries and for all other necessary expenditures of the police department.

ASSUMPSIT, to recover for services as police officers. Transferred
from the January term, 1914, of the superior court by *Kivel*, J., on
a bill of exceptions.

After the rescripts in *Pollard* v. *Gregg, ante,* 190, and *Baker* v.
*Barry, ante,* 198, were transmitted to the superior court, the plain-
tiffs amended both actions by making the city of Nashua a party
defendant and by filing declarations in assumpsit. Upon a hearing,
the court found (1) that the police commissioners acted in good
faith and (2) were not guilty of a breach of trust, and (3) that the
plaintiffs in both actions were entitled to recover from the city, and
(4) ruled that the commission had power to pledge the credit of
the city over and above the amount appropriated by the city coun-
cils for the use of the police department. To these findings and rul-
ings the city of Nashua excepted.

*Remick & Jackson, Wason & Moran, Doyle & Lucier,* and *George
F. Jackson* (*Mr. Jackson* and *Mr. Wason* orally), for the plaintiffs.

*Henry A. Burque* (by brief and orally), for the city of Nashua.

*Per Curiam.* 1. There was evidence from which it could be found
that the police commissioners acted in good faith, both in removing
the old officers and in appointing the new ones, and that they were
not guilty of a breach of trust. The city therefore takes nothing
by its first and second exceptions.

2. This is also true of its third exception, in so far as the right of the plaintiffs to recover is a question of fact. Since the commission acted in good faith in appointing the plaintiffs in the first action, they are entitled, in any permissible view of the law, to recover compensation as fixed by the commission (*Cousins* v. *Manchester*, 67 N. H. 229); for they are not only officers *de jure*, but have performed all the duties of the office. Although the plaintiffs in the second action are officers *de jure*, they have not performed any of the duties of the office. The question therefore, in so far as they are concerned, is whether that fact is an answer to the action. Although some courts hold that a *de jure* officer cannot recover under such circumstances when the salary has been paid to a *de facto* officer without notice of the former claim, most courts hold that the simple fact an officer *de jure* has not performed the duties of his office is no defence to an action to recover the salary attached to the office. *Andrews* v. *Portland*, 79 Me. 484,—10 Am. St. Rep. 280; *State* v. *Carr*, 129 Ind. 44,— 28 Am. St. Rep. 163. This rule obtains in this state. *Stone* v. *Towne*, 67 N. H. 113. The question as to the rights of *de facto* officers, discussed in the defendants' brief, are not before the court. *Peterson* v. *Benson*, 38 Utah 286,—32 L. R. A. N. S. 949, note.

3. Chapter 148, Laws 1913, creates the police commission and prescribes its duties. Section 4 provides: "It shall be the duties of said police commissioners to appoint such police officers . . . as they may in their judgment deem necessary, and to fix their compensation." Section 8 repeals so much of section 8, chapter 208, Laws 1891, the Public Statutes, the laws and ordinances of the city, and the city charter, as are inconsistent with the provisions of chapter 148.

If the language of section 4 is to be given its ordinary meaning, it is the duty of the police commission to appoint as many officers as it thinks are necessary to properly police the city and to determine the amount they shall be paid. The only limitation on its power, in so far as these matters are concerned, is its honest judgment as to what the public welfare requires. Whether section 4, chapter 148, Laws 1913, repeals so much of section 8, chapter 208, Laws 1891, as makes it the duty of the city councils to determine the amount of money the police commission may use depends, therefore, on whether that provision is inconsistent with the provisions of section 4 which make it the duty of the commission to determine

the number of officers necessary to police the city and to fix their compensation.

If the city councils can limit the amount of money the commission may use, it is apparent that it cannot determine the number of men which should be employed to police the city and fix their compensation. In other words, it is obvious that, if the city councils can, the police commission cannot determine the amount of money which should be used to police the city. Therefore, so much of section 8, chapter 208, Laws 1891, as is inconsistent with the right of the commission to decide these questions for itself is repealed. In short, the commission is the city in so far as determining the number of men that should be employed and fixing their compensation is concerned; its acts, in so far as these matters are concerned, are the acts of the city, and its mistakes, if it makes any, are the mistakes of the city. Section 4, chapter 148, Laws 1913, therefore gives the commission the right to pledge the credit of the city to the extent necessary to pay the men it thinks should be employed to properly police the city, and by necessary implication makes it the duty of the city councils to provide the money necessary for that purpose, as well as to pay all the other neccessary expenses of the police department.

*Exceptions overruled.*