Hillsborough, ⎱
Dec. 6, 1921. ⎰

### POLLARD AUTO COMPANY v. NASHUA.

The expenditures of the police commission of Nashua are limited under Laws 1891, c. 208, s. 8; Laws 1913, c. 148, s. 4 to the amount appropriated by the city councils, except in respect to the compensation of police officers.

It is the duty of the city councils to provide money to pay all necessary expenses of the police department, but the decision whether an expense is a necessary one rests with the councils, except as to the compensation of police officers.

ASSUMPSIT, to recover the price of an automobile ordered on behalf of the city by its police commission. Trial by jury and verdict for the plaintiff.

No appropriation for this purpose had been made by the city government, and the bill approved by the commission was not approved by the finance committee of the city government or by the mayor. The commission acted in good faith in making the purchase, and have caused the automobile to be used in their department since they contracted for it as above stated. The jury found that the car was a reasonably necessary piece of equipment for the police force.

The defendant's motion for a nonsuit was denied, subject to exception by *Branch*, J., who transferred the case from the January term, 1921, of the superior court.

*Ivory C. Eaton* (by brief and orally), for the plaintiff.

*Thomas J. Leonard, Henri A. Burque* and *Cobleigh & Cobleigh* (*Mr. Marshall D. Cobleigh* orally), for the defendant.

PEASLEE, J. The act creating a police commission for Nashua provides in terms that "the total amount expended for the maintenance of said police force shall at no time exceed the amount appropriated for that purpose by the city councils." Laws 1891, c. 208,

*s.* 8. The provisions of Laws 1913, chapter 148, section 4, that the commission may appoint such police officers as it deems necessary and fix their compensation, repealed the former act only in so far as it is inconsistent with the later statute. *Pollard* v. *Gregg*, 77 N. H. 190. As to how much shall be expended for the pay of the police force "the commission is the city." *Baker* v. *Nashua*, 77 N. H. 347. In other respects the limitations in the act of 1891 remain in force. It follows that as to other expenditures the commission is limited to "the amount appropriated for that purpose by the city councils."

It is said that no appropriations were made by the city government until April, that up to that time all departments were run on the expectation that appropriations would be made, and that therefore the fact that when this purchase was made in January no appropriation was available is no defence. But the fact that other departments may have violated the law, or may have incurred liabilities contingent upon subsequent approval and appropriation of funds by the city government, does not help this plaintiff. The most that can be said is that they all took the chance of what the city government would do. Promises made and undertakings entered into by department officers under such circumstances could legitimately be approved thereafter and payment could be provided for by the city government. *Clough* v. *Verrette*, 79 N. H. 356. But until this was done, there would be no obligation upon the part of the city, in the absence of departmental powers exceeding those possessed by the police commission as to the matter here in controversy.

The plaintiff bases its case upon a misapprehension of the meaning of the last clause in the opinion in *Baker* v. *Nashua, supra*. It is there said: "Section 4, chapter 148, Laws 1913, therefore gives the commission the right to pledge the credit of the city to the extent necessary to pay the men it thinks should be employed to properly police the city, and by necessary implication makes it the duty of the city councils to provide the money necessary for that purpose, as well as to pay all the other necessary expenses of the police department." *Ib.*, 349. That is, it is the duty of the city councils to provide money to pay the officers just as it is their duty to provide money to pay all proper expenses of the city. The opinion does not say and does not mean that the city councils are bound to provide for the payment of all bills for the police department which are in good faith contracted by the commission.

It was the duty of the city councils when Laws 1891, chapter 208, section 8 was in full force to provide money to pay all necessary ex-

penses of the police department. But the decision as to whether an expense was a necessary one rested with the city government. It still rests there except as to the one matter of paying officers.

The argument that as the question of reasonable necessity for the car has been submitted to a jury and found by them in the affirmative, therefore it is settled that the purchase was a necessary city expense for which the city government must provide, overlooks the essential fact that the decision as to necessity rests with the city government. All that the jury have found is that the car was reasonably necessary for the work of the police department. Whether it could have been found that in no other way could the reasonable necessities of the situation have been met, if the question had been tried, and whether, if it were so found, the failure of the city government to perform its duty in the premises could be remedied by the unauthorized assumption of corrective power by the police commission, do not appear to be doubtful questions.

An examination of the testimony in the case discloses abundant evidence upon which to base a finding that the expense was not a necessary one. The situation called for the exercise of judgment, and the decision of the city government upon it is final. *Broderick* v. *Hunt*, 77 N. H. 139.

Whether a general grant of power to conduct certain public business always carries with it an implied grant of power to pledge the public credit, when the statutes are silent upon the subject, is a question which does not arise in the present case. The positive limitation of expenditure fixed by the legislature in this instance negatives any idea of an implied power which would conflict therewith.

The changes made by the new city charter of Nashua (Laws 1913, *c.* 427, Part I, *ss.* 1–111) do not affect this question. Except for the substitution of a single board, called the aldermen, for the city councils, the power to appropriate money remains as it was before. *Ib.*, *ss.* 48, 53, 56, 111. There is, however, in the new charter positive evidence of an intent to maintain the city's control over general police expenditures. Before the charter was adopted, the police commission were required to submit their estimate of expenditures for the year during the month of February. Laws 1899, *c.* 150. This provision is amended by the charter "to conform to this act, namely, that said estimate shall be sent as early as practicable in each year, and not later than February first." Laws 1913, *c.* 427, Part I, *s.* 56.

No other ground for a recovery in the action has been suggested,

and none is perceived. Although the automobile has been used by the police department, it has been with full knowledge that the city repudiated the purchase. There was nothing for a jury to pass upon, and the defendant's motion for a nonsuit should have been granted.

*Judgment for the defendant.*

All concurred.