Herschel **DAVENPORT**, Plaintiff-Appellant,

v.

John **TEETERS**, Defendant-Respondent.

No. 7655.

Springfield Court of Appeals.

Missouri.

May 12, 1958.

Harold D. Jones, New Madrid, for appellant.

Hal E. Hunter, Jr., New Madrid, for respondent.

McDOWELL, Judge.

This appeal is from an adverse judgment rendered in plaintiff's action to recover two years' salary paid defendant as city marshal of Parma, Missouri.

Plaintiff's petition states, inter alia, that he and defendant were candidates for city marshal of Parma, a fourth class city, at the regular city election held April 7, 1953; that defendant was declared elected by the election judges and board of aldermen, qualified and served the full two year term and was paid a salary of $200 per month.

Plaintiff filed notice of contest of the election in the Circuit Court of New Madrid County, Missouri, which was defended by defendant. The Circuit Court dismissed the petition, appeal was taken to the Springfield Court of Appeals, 273 S.W.2d 506, where the cause was reversed and remanded with directions. In the retrial of the case in the Circuit Court, order for a recount of the votes was entered and the recount

showed plaintiff elected by a vote of 204 to 201. Final judgment was entered April 5, 1955, declaring plaintiff the duly elected marshal.

It states that plaintiff had the legal right and title to the office of marshal from April 7, 1953, to April 5, 1955; that the same was wrongfully held and usurped by defendant, depriving him of said office and that plaintiff is entitled to judgment for the salary received by defendant in the amount of $6,775.84.

Defendant's answer admits he was declared elected as pleaded, duly qualified as marshal and served as such for the full two year period and denies each and every other allegation of the petition.

The cause was submitted to the court on an agreed statement of facts. Briefly stated, the facts are that plaintiff and the defendant were candidates for city marshal at the regular city election held April 7, 1953; that defendant was declared elected by a vote of 204 to 203. Plaintiff filed his petition to contest the election on April 7, 1953, in the Circuit Court of New Madrid County, which action was contested by defendant. At the first hearing the court sustained defendant's motion to dismiss plaintiff's petition and entered judgment for defendant. The cause was appealed to the Springfield Court of Appeals, where it was heard and remanded to the Circuit Court for rehearing. Upon retrial, a recount of the votes was ordered by the court which showed plaintiff elected by a vote of 204 to 201, and final judgment was entered declaring plaintiff the duly elected marshal February 30, 1955.

It is admitted that John Teeters, defendant, qualified and served as marshal from April 7, 1953, to April 5, 1955, and received the salary of such office of $200.00 per month.

The present action was filed in New Madrid County, transferred to Scott County, on change of venue, where it was tried by the court, a jury having been waived, and, judgment entered for the defendant.

In our opinion we will refer to appellant as plaintiff and respondent as defendant.

■ We are first presented with a motion to dismiss for failure to file a motion for new trial. This motion is without merit. The only question presented by the appeal is the sufficiency of the evidence to support the trial court's judgment and is a question of law.

Under Supreme Court Rule 3.23, 42 V.A.M.S., and § 512.160 RSMo 1949, V.A.M.S., the question of the sufficiency of the evidence to support the judgment is expressly exempted from those errors which are required to be presented to the trial court in motion for a new trial. Henson v. Payne, Mo.App., 302 S.W.2d 44(1).

Plaintiff's theory is that defendant served as city marshal and collected the salary for two years as a de facto officer; that he was the duly elected officer and as a de jure officer was entitled to the salary for the 24 months which he had been wrongfully deprived of by the acts of defendant.

It is the theory of defendant that he was the elected, acting and duly qualified marshal of the city of Parma, prior to and at the time of the election held April 7, 1953, upon which the contest arose; that at the election held April 7, 1953, he was declared elected by the election judges and board of aldermen, qualified, sworn into office, and continued to perform the duties of marshal until the election contest was decided April 5, 1955, at which time he immediately turned over the duties to his successor. Under this statement of facts defendant contends that he was a de jure officer and entitled to the fee incident to the office.

It seems that the deciding issue in this case depends upon whether defendant collected the salary as a de facto officer or as a de jure officer.

■ We agree that under the law of Missouri, plaintiff could not collect the salary of the office from the city of Parma. In fact, plaintiff never qualified as city marshal. Even if the city paid the salary to defendant, as a de facto officer, it would not be liable to plaintiff.

In State ex rel. Gallagher v. Kansas City, 319 Mo. 705, 7 S.W.2d 357, 362, 363, 59 A.L.R. 95, the court stated the following general rule:

"* * * that salary paid to the de facto officer cannot be recovered from the city by a de jure officer in a suit for that purpose—in other words, that the payment of the de facto officer is a complete and full defense for the city. * * *

" 'If the plaintiff has any remedy for the damages which he has sustained it must be by an action against the fire commissioners for his wrongful dismissal or by an action against Seery to recover the salary which as between him and the plaintiff he wrongfully received.' "

The reasons assigned for this holding are that it is for the " 'interest of the community that public offices should be filled and the duties of the offices discharged by either an officer de jure or an officer de facto, and, in order to secure such service, the officer performing them must ordinarily be paid, payment in good faith to the officer discharging the duties of the office should be deemed justified, the de jure officer being remitted to an action against the de facto incumbent for the fees or salary received by him' ".

■ Missouri recognizes the general rule of law that "the legal right to the office carried with it the right to the salary". Gershon v. Kansas City, 240 Mo.App. 418, 215 S.W.2d 771, 773.

In Dillon on Municipal Corporations, 5th Ed., Vol. I, § 429, pp. 743, 744, the law is stated:

"It is generally but not universally held that the person who is *de jure* entitled to the office, and not the incumbent *de facto* who actually renders the service, is entitled in law to the emoluments of the office. * * * But for reasons of public policy, and recognizing payment to a *de facto* officer while he is holding the office and discharging its duties as a defence to an action brought by the *de jure* officer to recover the same salary, it is held in many jurisdictions that an officer or employee who has been wrongfully removed, or otherwise wrongfully excluded from office, *cannot recover against the city* for salary during the period when his office was filled and *his salary paid to another appointee.*"

In McQuillin on Municipal Corporations, 3d Ed., Vol. 4, § 12.175, the law is stated: "The right of a public officer to the salary of his office is a right created by law, is incident to the office, and not the creature of contract, nor dependent upon the fact or value of services actually rendered. * *"

In § 12.182, p. 36, the law is stated: "Whatever the rule may be as to payments made to a de facto officer prior to settlement of the title to the office, after one has been legally adjudged the rightful officer he may recover from the city the salary or compensation it has thereafter paid, with notice of the decision, to the intruder. It has been said that he may not recover salary or compensation paid pending the litigation. * * *"

Section 12.202, p. 120 stated: "The right to recover salary after the expiration of the term of office where the officer continues to perform the duties because no successor has been selected to fill the office is controlled by the circumstances of the particular case and the proper construction of the applicable law. If the law, in express terms, or by necessary implication, permits the officer to serve until his successor is duly elected or appointed, and qualified (which is the

usual rule, as elsewhere explained), clearly the officer holding over, who, in good faith, performs the duties appertaining to the office, is legally entitled to the salary belonging thereto. On the other hand, it has been said that no compensation is recoverable by an officer after his term expires on the ground that he is the de facto officer and no successor has been selected."

In McQuillin, Municipal Corporations, 3d Ed., Vol. 3, § 12.110, p. 400, this law is stated: "* * * the American courts early adopted the doctrine that, in the absence of express provision and unless the legislative intent to the contrary is manifest, municipal officers hold over until their successors are provided. Thus, failure to appoint or elect a successor at the end of a defined period does not usually work a vacancy where the officer is to hold until his successor is elected or appointed and qualified."

In 37 Am.Jur., Municipal Corporations, § 237, pp. 865, 866, this rule of law is stated: "In order to avoid the inconvenience to the public which would result if an important municipal office was left without a holder, it is frequently provided by law that the term of the holder of such office shall continue until his successor is appointed and qualified, and holding over pending the election of a successor is as much a part of the term of office as that which precedes it, where a person lawfully continues in office by virtue of his original election and qualification, after the expiration of the statutory period but before his successor is elected and qualified. The incumbent holds over as a de jure officer until his successor is duly appointed and qualified. * * * Where the Constitution provides that the incumbent shall hold office for his term and until the election and qualification of his successor, the death of a person elected to an office before he qualifies does not create a vacancy. * * * The period between the election of a successor and the time when he actually qualifies is as much a part of the prior term as the preceding period, even when a party is elected his own successor."

In Langston v. Howell County, 336 Mo. 444, 79 S.W.2d 99, 102(3, 4), the court stated:

"Our Constitution (section 5, art. 14) provides that: 'In the absence of any contrary provision, all officers now or hereafter elected or appointed, subject to the right of resignation, shall hold office during their official terms, and until their successors shall be duly elected or appointed and qualified,' and section 11196 R.S.1929 (section 9168, R.S.1919), Mo.St.Ann. § 11196, p. 6141, reads: 'All officers elected or appointed by the authority of the laws of this state shall hold their offices until their successors are elected or appointed, commissioned and qualified.' We find no constitutional or statutory provision which either expressly or by implication excludes the county highway engineer, or the office of county highway engineer, from the operation and effect of the foregoing constitutional and statutory rule so that since there is no 'contrary provision' the rule so prescribed must be applied. * * *"

Under § 79.260 RSMo 1949, V.A. M.S., defendant, as an officer of the city of Parma, before entering upon his duties of that office, was required to subscribe to an oath stating his qualifications and to support the Constitution of Missouri and the United States and perform all of his duties of such office and was required to enter into and execute a bond for the performance of such duties. Thus, at the time of the election and prior thereto, defendant was the acting and duly qualified marshal of Parma and was entitled to the emoluments of the office incident thereto until his successor was duly elected and qualified. That is, until April 5, 1955, and, even at that time, plaintiff had not qualified as such official.

Under Art. VII, § 12 of the Constitution of Missouri, V.A.M.S., the law is stated: "Except as provided in this constitution, and subject to the right of resignation, all officers shall hold office for the term there-

of, and until their successors are duly elected or appointed and qualified." See § 105.-010 RSMo 1949, V.A.M.S.

Section 124.290 RSMo 1949, V.A.M.S., reads: "In every case of a pending contested election, the person holding the certificate of election may give bond, qualify and take the office at the time specified by law, and exercise the duties thereof until the contest shall be decided. If the contest be decided against him, the court or other tribunal deciding the same shall make an order for him to give up the office to the successful party in the contest, and deliver to him all books, records, papers, property and effects pertaining to the office, and may enforce such order by attachment or other proper legal process." State ex rel. Cosgrove v. Perkins, 139 Mo. 106, 40 S.W. 650.

As stated by plaintiff the exact question here involved has not been before the courts of Missouri. Yet, the courts of Missouri have discussed the issues here involved.

We have quoted from cases in Missouri which support the general rule that the salary of the office of marshal is an incident to the office and that the de jure holder of the office is entitled to the emoluments thereof. Therefore, if plaintiff had been the de jure officer and the defendant had collected the salary, which is an incident to the office, it is strongly intimated by the Missouri courts that the remedy of the de jure officer is against the de facto officer, in the instant case, the defendant. However, defendant was declared elected and was issued a certificate of election and qualified to hold the office pending a contest of such election. Under § 124.290 RSMo 1949, V.A.M.S., he was a de jure officer and legally entitled to the emoluments of the office. We, therefore, find that the judgment of the trial court should be affirmed on this ground.

Judgment affirmed.

STONE, P. J., and RUARK, J., concur.