JOHN S. BELL

*v.*

IRA L. DADISMAN, JR., *Director et al., etc.*
*and* JOHN M. GATES, *Commissioner, Department*
*of Finance and Administration*

(No. 13075)

Submitted September 28, 1971.   Decided November 2, 1971.

*Richard F. Pence,* for appellant.

*Cletus B. Hanley,* Deputy Attorney General, *Victor A. Barone,* Assistant Attorney General, for appellees.

CAPLAN, PRESIDENT:

This is an appeal from a final order of the Civil Service Commission of West Virginia. In that order, dated December 31, 1970, the Commission found that the "evidence is insufficient to establish the charges enumerated in appointing authority's letter of dismissal." Consequently, the decision of the Commission was that John S. Bell, the appellant, "should have been reinstated following the dismissal of Felony Indictment No. 3553". The decision of the Commission reflected certain other findings of which the appellant here complains.

Pursuant to the provisions of Code, 1931, 5A-1-2, as amended, the appellant, in May, 1969, was appointed Director of Purchases. He served in that capacity until June 26, 1970, when he was suspended by the Commissioner of the Department of Finance and Administration. The reason for such suspension was that on that day the Grand Jury of the Intermediate Court of Kanawha County returned an indictment against him, charging him with bribery, a felony. On September 10, 1970 the indictment was dismissed and upon the denial of his request for reinstatement to his position as Director of Purchases, the appellant filed an appeal with the Civil Service Commission. While this appeal was pending Bell was again indicted, being charged on this occasion with the commission of a misdemeanor. That indictment, too, was subsequently dismissed.

John M. Gates, Commissioner of the Department of Finance and Administration, and the appointing authority here, refused to reinstate the appellant and, on November 19, 1970, notified him that he was dismissed from the position of Director of Purchases.

Mr. Bell appealed this dismissal and a hearing thereon was held by the Civil Service Commission on December 21, 1970, its order, the one complained of here, being entered on December 31, 1970. As hereinbefore noted, the Commission's decision stated that the appellant should have been reinstated following the dismissal of the felony indictment. The Commission's order further held that Mr. Bell was not entitled to pay for the periods during which he was under the two indictments. The decision also included this language: [T]he appellant is entitled to be reinstated to a position of like status and pay, but not to the appellant's former position".

Upon receipt of the Commission's order, appellee Gates appointed the appellant to the position of Director of the Motor Pool, a division within the Department of Finance and Administration. In this position Mr. Bell received the same annual salary as he was receiving as Director of

Purchases. The appellant complains on this appeal that his appointment as Director of the Motor Pool is not an appointment to a position of the status and pay of his former employment.

Although the order of the Civil Service Commission is erroneous in certain respects, as will hereinafter be noted, the appellant does not complain about such error. He is dissatisfied with the manner in which the Commissioner of Finance and Administration implemented the order.

Concerning the provision of the Commission's order relative to the appellant's back pay, it has been conceded by the appellees that the appellant is entitled to all of his pay during the entire period of his suspension, including those times during which he was under indictment. This Court has held that one wrongfully discharged from a public office is entitled to be paid for the entire time during which he was wrongfully excluded therefrom. See *State ex rel. Godby* v. *Hager, et al.*, 154 W.Va. 606, 177 S.E.2d 556, and cases cited therein. Therefore, upon remand of this case, the Civil Service Commission is directed to correct its order so as to afford such payment to the appellant.

A further error in the Civil Service Commission's order which requires a reversal and remand is that provision which enjoined the appointing authority, Mr. Gates, from reinstating the appellant to his former position. The Commission thereby exceeded its authority and did not act in accordance with the law. Code, 1931, 29-6-13, as amended provides: "If the commission finds that the action complained of was taken by the appointing authority without good cause, the employee shall be reinstated to his former position or a position of like status and pay, without loss of pay for the period of his suspension." The Civil Service Commission, upon finding that the appellant was wrongfully discharged, could rectify the wrongful discharge only as provided by the above quoted statute. That code section, in this circumstance, mandatorily requires the Commission to reinstate the employee "to his former position

or a position of like status and pay". It has no authority to direct the employer to exclude the employee from his former position.

This case, by reason of the erroneous order, as noted immediately above, has not been properly developed for appeal. The appointing authority was precluded by the Commission from reinstating the appellant to his former position, as permitted by statute. In the absence of this wrongful order, the employee, John Bell, may have been so reinstated. We believe that appellee John Gates must be afforded the opportunity to receive an order which is lawful and in accordance with the provisions of Code, 1931, 29-6-13, as amended. As the matter now stands he is, by order, insurmountably impeded in any desire he may have to comply with the law. Before this Court will take cognizance of the complaint of the appellant, which relates to the action taken by the appointing authority pursuant to an order of the Civil Service Commission, a lawful order must be entered by the Commission and the action of said appointing authority be thereafter considered.

In view of the foregoing, the order is reversed and the case is remanded to the Civil Service Commission with directions that a proper order be entered encompassing the matters contained herein and which particularly reflects the mandatory provisions of Code, 1931, 29-6-13, as amended, as set out in this opinion.

*Reversed and remanded*
*with directions.*